# CAIRO AND ST. LOUIS RAILROAD CO.

## *v.*

## HENRY HOLBROOK.

1. NOTICE — *on assessment of damages on default.* Where a default for want of a plea is entered against a defendant, and a writ of inquiry to assess damages is ordered, the defendant is not entitled to notice of the execution of the writ, and if there is no time fixed for its execution by order of the court, the defendant, if he would contest the amount of damages, must keep watch and be ready whenever the plaintiff, with the consent of the court, chooses to have them assessed.

2. AMENDMENT *of record at subsequent term.* If the court, by order, sets a particular day for the assessment of damages upon a default, and afterwards, whilst such order is still in force, assesses the damages on a day prior to the one set by such order, the defendant is entitled to have the record made up in accordance with the facts, and if the record is not so made up, he is entitled to have it amended at a subsequent term of the court, if the minutes of the judge made at the time are such as to show, with reasonable certainty, that the court did, in fact, make an order fixing a day for the assessment of damages, and that the damages were assessed before that day arrived.

3. The power of a court over its records after the expiration of the term, unless the cause is still pending, is confined to errors and mistakes of its officers; and these may, at any time, upon notice to the parties in interest, and saving such rights as, in the interval of time, may have accrued to third parties, be corrected so as to make the record conform to the action or judgment of the court.

4. It is requisite to the power of a court to amend its record at a subsequent term, first, that there should appear to have been some action of the court in the cause, which might properly and should have become a part of the record of that cause; and, secondly, that its omission from the record was through the fault or mistake of the clerk.

5. SAME—*interpolation in judge's minutes not a part thereof, though made by the clerk.* It is not error for the court to refuse to amend the record in a cause to conform to minutes on the judge's docket not made by himself or

by his authority, and with no evidence as to when they were made, even though they are shown to be in the handwriting of the clerk.

6. DEFAULT—*rights of defendant on assessment of damages.* Whilst a default admits every material allegation of the declaration, it does not admit the amount of damages, and the defendant, on the execution of the writ of inquiry, has the right to cross-examine plaintiff's witnesses, to introduce witnesses on his part on the question of damages, ask instructions as to the proper measure of damages, and preserve the rulings of the court by bill of exceptions.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the appellant.

Messrs. C. W. & E. L. THOMAS, and Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was assumpsit, brought by appellee against appellant, to the October term, 1872, of the St. Clair circuit court, which term began the fourth Monday of the month. The summons was served and the declaration filed in time for that term, the latter containing only the common counts for work and labor, money paid, laid out and expended, and money found due upon account stated.

On the third Thursday of the term, and pursuant to a rule of the court, the defendant's default was taken, for want of plea, etc., and a writ of inquiry was awarded by the court to assess the damages. On the fifth Tuesday of the same term, being the 26th of November, 1872, the court heard evidence as to damages, which were assessed by the court at $9500, for which judgment was rendered. At the March term, 1873, the cause was re-docketed, upon defendant's motion, whereupon the defendant's attorneys, upon ten days' previous notice given to the plaintiff, made a motion, based upon the minutes of the court made at the previous October term, to have the record of said cause so amended as to show the true proceedings in said cause, viz: that, at said October term, the hearing upon

the assessment of damages was set for the seventh Tuesday of that term, but such hearing was, in fact, had on the fifth Tuesday of the term. Upon the hearing of that motion, the defendant's attorney produced the court docket for the October term, which, as appears by the bill of exceptions, contained these minutes: "Set for 7 T. 3d. The defendant called writ of inquiry 5 T. Evidence heard, damages assessed at $9500. Judgment for plaintiff for that sum and costs."

These were the only minutes or basis for the proposed amendment of the record. But the bill of exceptions proceeds as follows: "And it is admitted by both parties that the words 'set for 7 T.' are in the hand-writing of the clerk of said court, the rest of said minutes being the hand-writing of the judge. It is also admitted that the clerk, at the beginning of the said term, set all the cases on the common law side of said docket of said October term on the first day of said term, and that '7 T' stands for seventh Tuesday."

The court, upon such minutes and said admissions, overruled the motion to amend the record, to which defendant's counsel excepted, and, preserving said matters by bill of exceptions, appealed to this court from such order.

The only question presented is, whether there was such error in overruling defendant's motion to have the record amended as above stated, under the circumstances shown, as that this court should reverse the order denying such motion.

By our practice, the defendant, not having entered its appearance, was not entitled to notice of the execution of the writ of inquiry, so that if no time was fixed for its execution by order of the court, the defendant, if it would contest the amount of damages, would be under the necessity of keeping watch and being ready whenever the plaintiff, with the consent of the court, chose to have them assessed. But if, on the other hand, the court, by order, set a particular day for such assessment, which was the seventh Tuesday of the term, and then, while such order was in force, assessed them on the fifth Tuesday, such a practice would tend to the surprise and injury of the defendant—as, if a cause in equity were set for hearing on the

second Tuesday of a particular month, and the court should, without further order, permit the complainant to bring on the hearing on the first Tuesday. The defendant's rights were not wholly foreclosed by the default. While the default admits every material allegation of the declaration, still, it does not admit the amount of damages. The defendant, on the execution of the writ of inquiry before the court, could not introduce evidence tending to show that plaintiff had no cause of action, but would have the right to cross-examine plaintiff's witnesses and introduce witnesses on its part on the question of damages, ask for instructions as to the proper measure of damages, and preserve the rulings of the court by bill of exceptions. *Chicago and Rock Island Railroad Co.* v. *Ward*, 16 Ill. 522; *Cook* v. *Skelton*, 20 Ill. 107.

Under this view, it is apparent that the amendment of the record proposed was material; and if the minutes made by the judge at the October term were such as to show, with reasonable certainty, that the court did, in fact, at that term, make an order at the time, or after the default of defendant was entered and before the execution of the writ of inquiry, fixing the time for assessing the damages on the seventh Tuesday of the term, it would have been defendant's right to have the record so amended as to show such order.

The general rule is, that courts, while a cause is pending and the parties before them, have control over the record and proceedings in the cause, and may, during the term, or while the cause is depending and the parties in court, for cause appearing, amend or set them aside; but after the expiration of the term, unless the cause is still depending and the parties are in court, their power over the record is confined to errors and mistakes of their officers, and these may, at any time, upon notice to the parties in interest, and saving such rights as, in the interval of time, may have accrued to third persons, be corrected so as to make the record conform to the action or judgment of the court. *Coughran* v. *Gutcheus*, 18 Ill. 390, and cases there cited.

The above rule, so far as applicable to amendments made at a subsequent term of the nature in question, involves two requisites: First, that there has been some action of the court in the cause which might properly and should have become a part of the record of that cause; secondly, that its omission from the record was through the fault or mistake of the clerk. So, it follows, that if the court did not, in fact, make an order setting the hearing as to damages in this cause on the seventh Tuesday of the term, that is an end of the matter. Now, what is there in the minutes produced, taken in connection with the admissions of the parties made at the time of arguing the motion, to show the court made such an order? The words and figures, "set 7 T.," it is admitted, mean "seventh Tuesday;" but it is also admitted that they were in the hand-writing of the clerk and not of the judge, although the rest of the minutes are in the hand-writing of the latter.

There is nothing in the minutes, or elsewhere in the record or files, to show when those words were put there; and when these minutes were produced to the court, on the hearing of this motion, the judge might have been well aware that he never made any such order, and even that no such words were on his docket prior to the final judgment. They did not constitute a part of his minutes—that is, they were not put there by himself.

In *Coughran* v. *Gutcheus*, above cited, the court said: "Ordinarily, these errors and mistakes are apparent from the minutes of the judge, other entries of the same record, or the pleadings and files in the cause; and, in such case, there being something to amend by, courts will not hesitate to make such amendments as will advance justice and sustain the rights of parties. But where there is nothing to amend by, and the court is compelled to learn from the memory of witnesses what its judgment, in fact, was, it may well be doubted whether, upon motion and *ex parte* proof, however strong and contradicting the record, an amendment can be made conforming the record of the judgment to such proof."

Here, the interlocutory judgment appearing of record simply awards a writ of inquiry. According to that, it would have been entirely regular to have assessed the damages on that very day or any succeeding day. Now, it is sought to introduce into the record, by the proposed amendment, an order supplemental to that order of record which would, unless set aside, tie up the hands of the court, as to assessing the damages, until the seventh Tuesday of the term, and this for the purpose of developing error in the record, and by a mere interpolation by the clerk of words into the judge's minutes, unsupported by proof that their meaning and import received even the implied assent of the court. If there be doubt of the propriety of admitting affidavits to vary the record at a subsequent term, then this practice should be condemned without reservation, for it is far more dangerous to the rights of suitors than *ex parte* affidavits.

We are of opinion that the court below properly overruled the motion, and its order is affirmed.

*Order affirmed.*

Mr. JUSTICE BREESE: I can not consider the entry on the judge's docket, in the hand-writing of the clerk, as "an interpolation," but think, whatever appears upon the judge's minutes is there with his knowledge and approbation, and by his direction. It was for the party resisting the motion to show it was an interpolation—presumptively it was the act of the court. I am of opinion, these minutes show most clearly that this cause was set for the seventh Tuesday of the term. It was error, therefore, in the court to dispose of the cause, finally, on the fifth Tuesday, or on any other day prior to the seventh Tuesday. The defendant has a clear right to an order amending the record according to the judge's minutes, and to avail of that error on writ of error in this court. If the memorandum of the clerk was not made by direction of the judge, and with his knowledge, it being improperly there he would have drawn his pen through it, and erased it. The default admitted only a cause of action, the damages could be contested before

the jury of inquiry. This opportunity has been denied the defendant, who might have been able to show on the inquiry, if held on the seventh Tuesday of the term, that one hundred dollars would be full compensation.