## KALKASKA MANUFACTURING COMPANY

v.

## LEVI H. THOMAS.

17 235<br>73 151

1. PRACTICE.—The admission of counter affidavits upon a motion to open a default is improper.

2. SAME—DEFAULT.—When after default taken, the defendant files an affidavit in apt time, from which it clearly appears that his seeming negligence is explained and excused, and that he has a good defense on the merits to the action, which is set out in detail, his application to have the default set aside should be granted.

3. SAME—NOTICE.—After a default for want of a plea is entered against a defendant who has simply caused his appearance to be entered, in an action of assumpsit, in the Superior Court of Cook county, it would seem but just and reasonable, considering the number of courts in the city and their press of business, that the plaintiff's attorney should be required to give notice to the defendant's attorney of the motion for the inquest of damages, because the defendant has the undoubted right to contest the matter of damages at such inquest.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed November 25, 1885.

This was an action by appellee, Thomas, a resident of this county, against appellant, the Kalkaska Manufacturing Co., a corporation created by the laws of the State of Michigan, and having its factory and place of business in the northern part of that State. Summons issued April 3, 1885, returnable to the May term of the superior court, and was returned served April 23d, and declaration upon executory contract filed on that day, claiming damages in the sum of $7,000. May 6th, the defendant caused its appearance to be duly entered by attorney. June 6th, defendant's default was entered for want of appearance, no rule having been taken on defendant to plead June 8th, defendant's attorney, not knowing of the default, filed a special demurrer to the declaration. June 23d, the cause being on the trial calendar and not reached in its order, the plaintiff's attorney, without any notice to defendant's attorney,

made a motion to strike the demurrer from the files and for assessment of damages by jury. The motion was granted and damages assessed at $1,008.50, for which judgment was given.

At the same term, and July 3d, defendant's attorney made a motion in the cause, upon notice, to set aside the default and judgment and for leave to plead, supported by his own affidavit stating and showing that the defendant was a foreign corporation having its main place of business in the northern part of the State of Michigan; that at the time he entered his appearance in the cause, the presiding judge announced to him from the bench that it was the practice in that court, when parties had appeared by attorney, not to permit any proceeding to be taken in the cause by one, without notice to the other of the attorneys; and it is further stated and shown that after diligent inquiry, affiant could not ascertain that said court had any published rules of practice; and he therefore relied upon what had thus been stated to him. The affidavit, for further excuse of the seeming negligence on the part of defendant, shows that soon after the bringing of the suit, negotiations were entered into between the parties, for a settlement of the claim in suit and that terms of settlement were actually agreed upon before the default was taken, among which was the dismissal of the suit. The affidavit further shows, from facts positively stated in detail, that the defendant had a good defense to the action upon the merits. On the hearing of the motion, the court permitted the plaintiff, against the objection of defendant, to read counter affidavits, and denied defendant's motion, from which order the latter, preserving said matters in the record by bill of exceptions, appealed to this court.

Mr. WILLIAM T. BLAIR for appellant; that an appellate court will interfere with respect to a matter ordinarily resting in the discretion of the court below, when there has been an evident abuse of that discretion, to the injury of the party in default, cited Scales v. Labar, 51 Ill. 232; Mason v. McNamara, 57 Ill. 274; Union Hide & Leather Co. v. Woodley, 75 Ill. 435; Hinckley v. Dean, 104 Ill. 630; Hopkins v. Medley, 97 Ill. 402.

The court should always exercise its power of opening a judgment by default, when to permit it to stand would be oppressive, if the defendant has shown reasonable diligence to avoid the effects of the default: Mason v. McNamara, 57 Ill. 284; Union Hide & L. Co. v. Woodley, 75 Ill. 435; Mendell v. Kimball, 85 Ill. 582; Souerbry v. Fisher, 62 Ill. 135; Waugh v. Suter, 3 Bradwell, 271.

Mr. A. A. EXLINE, for appellee; that a motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and appellate courts will not interfere unless there has been a palpable abuse of this discretion, cited Kirchoff v. Braley, Supreme Court, Ill., Sept. 7, 1884; Hitchcock v. Herzer, 90 Ill. 543; Constantine v. Wells, 83 Ill. 192; Greenleaf v. Roe, 17 Ill. 474; Scales v. Labar, 51 Ill. 232; Mendell v. Kimball, 85 Ill. 582.

McALLISTER, J.   The court below permitted the plaintiff, against the objections of the defendant's counsel, to introduce voluminous affidavits in opposition to the motion of defendant to open the default, and for permission to plead, and it is very probable that such counter affidavits controlled the action of the court in denying the motion.   We are of opinion that the admission of counter affidavits, upon a motion to open a default, is improper.   In Phillips v. Blagge, 3 Johnson, 141, the plaintiff's attorney offered counter affidavits upon the hearing of a motion to set aside an inquest; but the court said it was settled, that no counter affidavits could be read in such a case.   In Hanford v. McNair, 2 Wend. 286, the same principle was recognized.   In Mendell v. Kimball, 85 Ill. 582, the court said : "The record in this cause shows that counter affidavits were read by plaintiffs on the hearing of the motion to set aside this default.   This is a vicious practice.   Courts can not do justice to parties in thus trying the merits upon affidavits, when the affiants are not subject to cross-examination.   Such motions should be determined upon the *ex parte* affidavits in support of the motion, and they should be strictly scrutinized."   It does not appear that any

exception to their introduction was taken in that case, and it did appear that the affidavit in support of the motions failed to show any excuse for the negligence of defendant's attorney. In the case at bar, the affidavit in support of the motion shows a good excuse for not filing a plea or keeping closer watch of the case. (1) The announcement of the court that the rules of practice of that court required notice to the attorney of the opposite party before any proceeding could be taken. (2) The pendency of negotiations for a settlement, brought, as it was supposed, to a successful termination. The affidavit shows by facts positively stated and in detail, that the defendant had a good defense to the action upon the merits, and there is no pretense that the motion to open the default was not made in apt time, it being at the same term and only a few days after the judgment.

We have no means of ascertaining precisely what the practice of the Superior Court is, in respect to requiring notice of assessment of damages in such case, where the defendant has entered an appearance. In Cairo, etc., R. R. Co. v. Holbrook 72 Ill. 421, the court said: "By our practice, the defendant *not having entered its appearance,* was not entitled to notice of the execution of the writ of inquiry, so that if no time was fixed for its execution by order of the court, the defendant, if it would contest the amount of damages, would be under the necessity of keeping watch and being ready whenever the plaintiff, with the consent of the court, chose to have them assessed."

The damages in the case at bar were unliquidated. If no time was fixed by the court for their assessment, and notice thereof given to defendant's attorney, then it would seem but just and reasonable, considering the number of courts in the city, and their press of business, that the plaintiff should have been required to give notice to the defendant's attorney of the motion for the inquest of damages, because the defendant had the undoubted right to contest the matter of damages at such inquest. Now, disregarding the counter affidavits, as the law requires us to do, it clearly appears from that, in support of the motion to open the default, that the seeming negligence

of defendant's attorney is explained and excused; that the defendant had a good defense on the merits to the action which is set out in detail; and, it not being pretended that there was any real laches as to making the application, we are of opinion that it should have been granted and it was error to refuse it. Dunlap v. Gregory, 14 Bradwell, 601. The judgment will therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.