## Chicago & Milwaukee Electric Railway Company v. Charles Krempel.

### Gen. No. 10,699.

1.   DEFAULT—*what admitted by.*   A default only admits the facts stated in the declaration to be true; it does not admit that the facts, in law, entitle the plaintiff to recover.   If the facts alleged do not confer a right of recovery, it is error to enter judgment.

2.   JUDGMENT BY DEFAULT—*how question of sufficiency of declaration to support, may be raised.*   A motion to set aside a judgment entered by default will raise the question of the sufficiency of the declaration to support the same.

3.   JUDGMENT BY DEFAULT—*what essential to set aside.*   In order to set aside a judgment entered by default, it is not only essential that there be a showing of diligence upon the part of the attorneys retained by the defendant in the cause, but also it must appear that there is a meritorious defense to the action.

4.   MARRIED WOMAN—*actions which arise upon injury to.*   For injuries received by a married woman, two actions may lie; one by the wife for the damages resulting to herself, the other by her husband, if by reason of such injuries he has suffered a separate loss or damage, as by being deprived of her services or society, or by reason of being put to expense.

5.   MARRIED WOMAN—*extent of husband's right to recover for loss of services of.*   In such a case the right of recovery is limited to a pecuniary compensation for the loss of consortium, and the expenses to which he was put by reason of her injuries.

6. DECLARATION—*when, shows cause of action for loss of services of wife.* A declaration which charges in apt words that the wife of the plaintiff was injured through the negligence of the defendant, and that by reason of such injuries he has been deprived of her services and society and put to expense, shows a good cause of action.

7. INSTRUCTIONS—*when, may be reviewed, notwithstanding the absence of exceptions.* Instructions given upon an inquest of damages may be reviewed upon appeal notwithstanding there was no exception taken thereto before the entry of judgment.

8. VERDICT—*when sufficiency of evidence to support, may be reviewed notwithstanding there was no motion to set aside the verdict.* The sufficiency of the evidence to sustain a verdict may be reviewed upon appeal where such verdict resulted upon an inquest of damages ensuing the entry of a default against the defendant, notwithstanding there was no motion to set aside the verdict.

9. INQUEST OF DAMAGES—*how jury to be instructed.* It is improper upon an inquest of damages to instruct the jury to return a verdict of guilty. Upon such a proceeding the proper course is to instruct the jury with respect to the assessment of the plaintiff's damages.

10. INQUEST OF DAMAGES—*when defendant entitled to notice of.* Where the defendant has entered his appearance in a case, he is entitled to notice of an application for assessment of damages.

11. MEASURE OF DAMAGES—*when instruction upon, improper.* An instruction which tells the jury to assess the plaintiff's damages at whatever amount they think should be awarded is erroneous.

Action on the case by husband for loss of services of his wife. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed October 4, 1904.

SIMS, MUNRO & THOMSON and ALEXANDER CLARK, for appellant; L. W. JAMES, of counsel.

JAMES J. BARBOUR, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal from an order denying defendant's motion to set aside the judgment, assessment of damages and default in an action on the case to recover consequential damages arising from personal injuries to plaintiff's wife, occasioned through defendant's negligence.

The summons was duly served ten days before the February term, 1902, and the default of the defendant for failing to appear was entered February 20. February 25,

Chicago & Milwaukee Electric Ry. Co. v. Krempel.

the damages of the plaintiff were assessed by a jury at $5,000, and judgment entered for that sum and costs.

At the same term the defendant moved to set aside the default, assessment of damages and judgment, and the motion was continued for hearing and final disposition. At the April term the plaintiff remitted from the judgment $1,200, and the motion of the defendant was denied.

It is contended that the facts alleged in the declaration do not give a right of recovery to the plaintiff. This question is presented by the record, not because a motion in arrest was overruled, for that motion was not made until after judgment, but because the default only admitted the facts stated in the declaration to be true, but did not admit that the facts, in law, entitled plaintiff to a recovery, and if the facts alleged do not give a right of recovery, it was error to enter judgment upon it by default. In Schueler v. Mueller, 193 Ill. 402, a judgment by default was reversed because of the insufficiency of the declaration, although there was no motion in arrest. In Bragg v. Chicago, 73 Ill. 152, the ruling of Lord Mansfield, in Collins v. Gibbs, 2 Bur. 899, that on a motion by defendant in arrest of a judgment by default, the declaration comes before the court " exactly as if it had been on demurrer, and is not like the cases of objections to judgments after verdicts," was stated and approved.

No reason is perceived why the rule thus stated should not apply to a case in which there was no motion in arrest, but only a motion to set aside the judgment by default.

For injuries received by a married woman, two actions may lie; one by the wife for the damages resulting to herself, and if by reason of such injuries the husband has received a separate loss or damage, as if he has thereby been deprived of her services or society, or has been put to expense, he may bring an action in his own name. C., B. & Q. R. R. v. Dunn, 52 Ill. 264; Nixon v. Ludlam, 50 Ill. App. 273.

The declaration charges in apt words that the wife of plaintiff was injured through the negligence of the defend-

ant, and that by reason of such injuries he had been deprived of her services and society, and put to expense. The declaration, considered as on demurrer, must be held sufficient.

We concur in the views expressed by the learned judge of the Superior Court, that the showing of diligence on the part of the attorneys who had been retained by the defendant in the case was sufficient, but it is not enough to show diligence alone. A meritorious defense must also be shown before a judgment by default will be set aside. The affidavits filed in support of the motion do not state facts which constitute a defense to the action, but only state "that the judgment for $5,000 is unjust and excessive, and if a new trial should be granted in said cause, the defendant has a good defense on the merits to the whole of such claim." This is but a statement of conclusions of law to be drawn from facts, and not the statement of facts. The affidavits are not sufficient to show that the defendant had a defense to the action, and the court did not err in refusing to set aside the default. Roberts v. Corby, 86 Ill. 182, and cases there cited.

It is also insisted that there was prejudicial error committed in the assessment of damages, first, in that the court erred in the instruction given to the jury, and second, in that the amount assessed by the jury, even when reduced by the remittitur, is in excess of the amount the evidence shows that plaintiff was entitled to.

The defendant did not know of the default until the damage had been assessed and the judgment entered, and there was no exception to the instruction, or motion, before judgment, to set aside the assessment. The defendant, when at the April term his motion to set aside the judgment and assessment was denied, took a bill of exceptions, in which are incorporated not only the affidavits heard on the motion, but the evidence heard and instruction given on the assessment of damages, and the judge specially certified that it contained all the evidence heard and proceedings had on the assessment.

It is contended that the court cannot review the evidence

Chicago & Milwaukee Electric Ry. Co. v. Krempel.

to determine whether the assessment is supported by the evidence, because there was no motion by the defendant, before judgment, to set aside the assessment, and also, that this court cannot review the instruction complained of, because there was no exception before judgment to the giving of such instruction.

If the rules governing appeals and writs of error to reverse judgments rendered upon trials by jury be held to apply to and govern this case, both of these contentions must be resolved against the appellant, for to bring before a court of review the question whether a verdict is supported by the evidence, there must be a motion to set aside the verdict and for a new trial, and an exception to the overruling of such motion before judgment. And to bring before a court of review an instruction given upon a trial, there must be an exception to the giving of such instruction before judgment. Dickhut v. Durrell, 11 Ill. 72, and cases cited in the note of Henry Binmore to that case in the edition of 1886. But an assessment of damages after default is in no sense of the word a trial. It has never been held by our Supreme Court that the strict rules of law applicable to trials which require an objection to be made when action is asked by the court or proposed by it, and an exception to be taken at the time of the ruling or decision complained of, applies to motions to set aside an assessment of damages and judgment by default. On the contrary it was said by that court in Morton v. Bailey, 1 Scam. 213, where the damages were assessed in open court, "Should improper testimony or wrong instructions be given, the proper course is to apply to the court to set aside the inquisition and grant a new inquest." It was said by Judge Scates in C. & R. I. R. R. Co. v. Ward, 16 Ill. 522, 526, "There are two questions: first, how shall a party review the proofs and instructions on the inquest of damages, and is the case properly presented; and second, what is the true measure of damages.

The mode of presenting the first was laid down in Motsinger, etc. v. Coleman, 16 Ill. R. 71, to be by presenting

the proofs and instructions, by affidavit or otherwise, to the Circuit Court, and moving to set aside the inquest, and preserving the same in the record by bill of exceptions. Such was the view of the court in Morton v. Bailey, et al., 1 Scam. R. 215; and that no exception on the inquest itself would be sufficient, without a subsequent motion, see Gillett, et al., v. Stone, et al., 1 Scam. R. 543.

The inquest was taken in open court, and preserved by motion to set aside the inquest and bill of exceptions taken, containing the evidence and instructions. This all seems regular and proper, and I think this court should regard it as properly presented, and before it for adjudication, for I think the party should have a right to be heard for the correction of errors to his prejudice on the inquest."

By Judge Skinner in the same case, page 532: "I regard the cases of Gillett v. Stone and Morton v. Bailey overruled, so far as they hold that the decisions of the Circuit Court upon questions arising upon the inquest, when presented by motion to set aside the inquest, cannot be assigned for error;" and by Judge Caton also in the same case, page 534: "I agree that the defendant may present the facts which occurred on the taking of the inquest by affidavit, if taken before the sheriff; or by the certificate of the judge, as well as by affidavit, if taken in open court, on motion to set aside the inquest; and may assign for error the decision of the court overruling said motion."

In McCord v. Mechanics' Nat. Bank, 84 Ill. 49, it was said: " When the assessment of damages is not supported by adequate proof, such position can only be heard in this court when a motion in the court below has been made to set aside the assessment of damages, and exception taken to the judgment of the Circuit Court in overruling such motion." All of the cases above referred to were cited with approval in Wanack v. The People, 187 Ill. 116–123.

In this case the damages were assessed in open court; a motion was made at the same term to set aside the assessment and judgment; when that motion was denied, the defendant preserved an exception to the ruling of the court,

and took a bill of exceptions containing the evidence heard and instructions given on the assessment of damages; and this, under the rules stated by the Supreme Court in the cases above cited, brings before us for review the evidence and the instruction. The only instruction given to the jury was the following: "The form of your verdict which is given you, gentlemen, is this: We, the jury, find the defendant guilty, and assess the plaintiff's damages at the sum of $———. Whatever amount you think should be awarded you will write in there, and each of you will sign your names to the verdict. Retire with the bailiff and consider your verdict." The jury should not have been instructed to return a verdict of guilty. They were sworn, and properly so, only to assess plaintiff's damages. The verdict of guilty has no proper place in the assessment of damages, but it may be rejected as surplusage without affecting the assessment.

By this instruction the jury were told that they should assess plaintiff's damages at whatever amount they thought should be awarded, when the law permitted them to assess plaintiff's damages only at such a sum as the evidence warranted, or as they found from the evidence he had sustained by reason of the injuries to his wife. It has been frequently held reversible error to give such an instruction. Pisa v. Holy, 114 Ill. App. 6; Brink's Ex. Co. v. Herron, 104 Ill. App. 269; Waldron v. Marcier, 82 Ill. 550.

Such an instruction was especially harmful in this case, because the plaintiff, in order to show the consequential damages to the plaintiff resulting from the injuries to his wife, proved the injuries to her and her subsequent physical condition. This evidence tended to show that as a result of her injuries she lost the sight of one eye; that the sight of the other was much impaired; that she suffered from hysteria, and that she ought to be sent to a sanitarium devoted to nervous diseases for at least a year. Plaintiff's right of recovery is limited to a pecuniary compensation for the loss of consortium with his wife, and the expenses he was put to by reason of her injuries. The jury could

not properly allow anything for the suffering of the wife, or for the anxiety or wounded feelings of the husband. Pa. R. R. Co. v. Goodman, 62 Pa. S. 329.

As the order overruling the defendant's motion to set aside the judgment and assessment of damages must be reversed for the giving of the instruction, we do not deem it necessary to pass upon the question whether the damages as reduced by the remittitur are excessive.

The defendant having now entered its appearance in the cause, should have notice of the application for an assessment of the damages. Kalkaska Mfg. Co. v. Thomas, 17 Ill. App. 235.

The order denying defendant's motion to set aside the judgment and assessment of damages will therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Order denying motion to set aside judgment and assessment of damages reversed and remanded.

*Reversed and remanded.*