## American Mail Order Company v. Charles H. Marsh, et al.

### Gen. No. 11,508.

1. INQUEST OF DAMAGES—*when defendant entitled to notice of.* Where the defendant in a case has appeared it is error to hold an inquest of damages without notice to him.

2. DEFAULT—*when entry of order of, erroneous.* The entry of an order of default against a party in an action at law is erroneous where the appearance of such party is on file and no notice has been given him of the application for such order.

3. COUNTER AFFIDAVITS—*when improper.* It is improper to receive or permit the filing of counter affidavits upon the merits in opposition to a motion to vacate a judgment entered by default.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed February 10, 1905.

ALFRED BERNSTEIN, for appellant; BURTT & KRIETE, of counsel.

GEORGE W. WOODBURY, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment by default rendered in the Superior Court against appellant, defendant in that court.

Appellees brought their action of assumpsit against appellant to recover for money claimed to be due for advertising. A summons was issued April 27, 1903, returnable to the next June term. It was served May 1, 1903. A declaration was filed June 26, 1903, the last day for filing a declaration under the statute. On June 2, 1903, appellant through its attorney filed its appearance. On July 8, a default was entered against the defendant for non-appearance and thereupon the court assessed plaintiff's damages at the sum of $340.27 and judgment was entered therefor on the same day. At the same term, on July 23, 1903, appellant entered its motion to set aside and vacate the

default and judgment.   The motion was denied at the same term, and defendant prayed an appeal from the judgment and order denying the motion.

It is urged that it was error to enter a default and judgment against appellant for failure to appear, when its appearance was on file, and that in entering judgment without notice to appellant of the inquest of damages, the court erred; and that the court was wrong in holding appellant was in default under rule 11 of the Superior Court.

The main contention of appellant is that the Superior Court erred in entering judgment without notice to appellant of the inquest of damages, its appearance being on file.

A defendant who has appeared in answer to a summons is not in default until the expiration of a rule upon him to plead.   After appearance, he is entitled to notice of every step in the case until a default has been regularly entered against him.   Appellant, having entered its appearance, was therefore entitled to notice of the execution of the writ of inquiry as to the amount of damages.   Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Kaskaska Mfg. Co. v. Thomas, 17 Ill. App. 235.   Defendant (appellant) could then have appeared and contested the amount of damages to be assessed by cross-examination of plaintiffs' witnesses, and by introducing witnesses on its part on the question of damages, and asked for instructions as to the proper measure of damages, and preserved the rulings of the court by bill of exceptions.   Chicago & R. I. R. R. Co. v. Ward, 16 Ill. 522; Cook v. Skelton, 20 Ill. 107.   Thus appellant was deprived of substantial rights by the action of the court. The order of default entered in this case by the clerk on July 8, 1903, was, that on that day on motion of plaintiffs' attorney a default for *non-appearance* of defendant was entered, and assessment by the court of plaintiff's damages, etc.   The judgment order was also erroneous because there was an appearance of the defendant on file.   Without doubt, if the fact of defendant's appearance had been called to the attention of the court, no such order would have been entered.

It seems clear from what we have said that appellant was not in default under rule 11 of the court. That rule is as follows:

"Notice—When Required.

Rule 11. Parties shall take notice of the call of the calender.

No motion will be heard or order made in any cause without notice to the opposite party when an appearance of such party has been entered, except where a party is in default, or when a cause is reached on the call of the calendar."

This rule, it will be observed, does not attempt to define when a party is in default. It does not purport to deal with that question. The rule covers the question of notice, and it provides that no motion will be heard or order made without notice to the opposite party when such party has entered his appearance, except when he is in default, or the cause is reached on the call of the calender. There is no conflict between the provisions of the rule, and the practice under the common law as above indicated; but if there was, the rule would be construed and interpreted in accordance with the law. The Superior Court was therefore in error in holding that defendant was in default under this rule.

It was not proper to allow appellees to file counter affidavits upon the merits in opposition to appellant's motion to vacate the judgment. These affidavits were not competent to be read on the hearing of the motion. Mendell v. Kimball et al., 85 Ill. 582; The Gilchrist T. Co. v. The Northern Grain Co., 204 Ill. 510.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*