### L. R. Williams v. Mary Norton et al.

#### Gen. No. 13,090.

1. BILL OF EXCEPTIONS—*what not part of record unless incorporated in.* Notices, stipulations and instructions are not part of the record unless made so by incorporation in the bill of exceptions.

2. RESTORATION OF FILES—*what essential to.* In order to restore a lost file, it is necessary that the order restoring the same find that the original file was lost, that the substituted file is a correct or substantial copy of the lost one and that notice of the application to restore was given.

3. ASSESSMENT OF DAMAGES—*when party entitled to notice of.* A defendant who has appeared is entitled to notice of an application to assess damages.

Assumpsit. Error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed May 14, 1907. Rehearing denied June 14, 1907.

CRATTY BROS., JARVIS & SAMPLE, for plaintiff in error.

JAMES MAHER, for defendants in error; JOHN T. MURRAY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a writ of error sued out by the defendant to reverse a judgment for $2,850, recovered February 19, 1906, in the Superior Court against him by defendants in error, in an action of assumpsit.

The clerk has copied into the transcript of the record notices, stipulations and an instruction marked "given". Such documents can be made a part of the record only by bill of exceptions. There is in this record no bill of exceptions, and we have before us for consideration only the common law record. The transcript is certified to be a complete copy of the record with the exceptions of "a certain demurrer filed June 27, 1898, which demurrer to the declaration is lost and cannot be found."

February 8, 1906, the following order was made in the cause:

"On motion of plaintiffs' attorneys it is ordered that leave be and is hereby given the plaintiffs to file a copy of the declaration filed herein in lieu of the original lost, and said cause coming on to be heard on demurrer to the declaration filed herein by the court said demurrer is overruled and it is ordered that the defendant be and is hereby required to plead to said declaration instanter."

The defendant had appeared and filed a demurrer to the declaration. There is nothing in the record tending to show that the defendant or his attorney had any notice of an application to restore the lost declaration. There is in the transcript of the record a declaration which it is therein stated was filed February 8, 1906. The order of February 8 contains no finding by the court that the original declaration was lost; no finding that the declaration filed on that day was ever presented to the court; no finding that the declaration which was filed on that day was a correct or substantial copy of a lost declaration. The lost declaration could be supplied by copy thereof only by order of the court upon notice and proof. Blake v. Miller, 118 Ill. 500; Long v. Sutter, 67 id. 185; McMullen v. Graham, 6 Ill. App. 240; 13 Encyc. of Plead. & Prac., 380; McLendon v. Jones, 8 Ala. 298; People v. Cazalis, 27 Calif. 523.

We think the court erred in giving plaintiff leave to file a copy of the declaration in lieu of the lost original without notice to the defendant and without an adjudication that the copy so filed was a correct or substantial copy of the lost declaration.

February 9, the default of the defendant for want of a plea and a judgment that the plaintiff ought to recover, etc., were entered and reference had to a jury to assess plaintiffs' damages, which jury assessed their damages at $2,850, and upon this assessment judgment was entered February 17, 1906. The assessment of damages was *ex parte* without notice to the defendant.

In American Mail Order Co. v. Marsh, 118 Ill. App. 248, it was held that where a defendant in a case has appeared, it is error to hold an inquest of damages without notice to him. The defendant, as has been said, had appeared, and it was error to assess damages without notice to him.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*