## Towarzystwa Litewsko Polskiego Ostrobramy, W. Chicago, Illinois, v. Stanislaw Barczaitis.

### Gen. No. 13,757.

1. Record—*what part of, without incorporation in bill of exceptions.* An appearance becomes a part of the record proper by
the mere act of filing it.

2. Default—*appropriate form of, where defendant fails to plead.*
Where the defendant has entered an appearance, but has failed to
plead, the proper form of judgment is by *nil dicit* and not by
default.

3. Assessment of damages—*when defendant entitled to notice
of.* A defendant, having entered his appearance, is entitled to
notice of the proceeding to assess damages, and it is reversible error
to proceed to assess damages without notice to him.

Assumpsit. Writ of error to the Superior Court of Cook County;
the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch
Appellate Court at the October term, 1907. Reversed and remanded.
Opinion filed March 6, 1908.

**Statement by the Court.** In an action of assumpsit
by the defendant in error against the plaintiff in error to re-
cover sick benefits, brought in the Superior Court to the
February term 1906, the summons was served more than ten
days before the return day. The transcript shows that Feb-
ruary 5, the first day of the February term, a written ap-
pearance of the defendant, by attorney, was filed in the cause
in the Clerk's office. February 7, on motion of plaintiff
the default of the defendant for failure to appear was en-
tered of record with judgment upon said default, that plain-

tiff ought to recover of the defendant his damages, etc., an assessment of damages by the court at $535, and final judgment against the defendant for said sum and costs. The same day, the defendant filed its verified plea. March 2, a day of said February term, the defendant entered its motion to set aside the default and judgment, the court continued the motion to the March term and at that term de-nied the motion.

JOHNSON, BELASCO & McCABE, for appellant.

HENRY N. STOLTENBERG, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Defendant in error contends that the appearance in writing contained in the transcript, and thereby shown to have been filed two days before the default and judgment, is not a part of the record proper, and such appearance not having been made a part of the record by the bill of exceptions, the record fails to show an appearance by the defendant. In support of this contention are cited Van Cott v. Sprague, 5 Ill. App., 99, and Schmidt v. Skelly, 9 id., 532. In neither of those cases was the question whether an appearance was part of the record proper involved.

Thompson v. Emmert, 15 Ill., 415, was an action upon a Pennsylvania judgment against Nelson, Emmert and Campbell. The record offered in evidence showed that Nelson only had been served with process, but that an attorney entered a general appearance for Emmert and Campbell, and it was said, p. 416: "Was Emmert bound by the judgment in Pennsylvania? According to the decisions in this court the record afforded conclusive evidence that his appearance was entered by an attorney." We think that the appearance became a part of the record proper by the mere act of filing it.

The default of the defendant for failing to appear was irregular. Where the defendant has entered an appearance,

but has failed to plead, the proper form of judgment is by *nil dicit* and not by default. But for this irregularity alone the judgment should not be reversed.

The defendant, having entered its appearance, was entitled to notice of the proceeding to assess damages, and it was reversible error to proceed to assess damages without notice to it. American Mail Order Co. v. Marsh, 118 Ill. App., 248, and cases there cited.

The contention of the defendant in error that it will be presumed that such notice was given cannot be sustained. Such notice could not have been given prior to March 7, for no judgment by default or by *nil dicit* had then been entered. The entry of judgment recites the default of the defendant for failure to appear "wherefore the plaintiff ought to recover his damages, etc., and thereupon reference is had to the court to assess plaintiff's damages, and the court now here, after hearing etc., assesses plaintiff's damages at, etc.," and then follows the *consideratum est* all in a single order.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*