**Precision Products Company, Defendant in Error, v. Elisha J. Cady and George W. Cady, Plaintiffs in Error.**

### Gen. No. 28,347.

1. DEFAULTS—*necessity of notice before taking.* When defendants are in default for failure to file their pleading, it is not necessary to serve notice upon them before entering their default and having the jury assess the damages.

2. DEFAULTS—*immateriality of error in describing nature of default.* The fact that a default judgment recited that it was entered for want of appearance instead of for failure to file pleading is a mere irregularity.

Error by defendants to the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924.

NEWTON A. PARTRIDGE, for plaintiffs in error.

LE FORGEE, SCHROEDER & TATE and MURPHY O. TATE, for defendant in error.

Precision Products Co. v. Cady et al., 233 Ill. App. 72.

Mr. Justice O'Connor delivered the opinion of the court.

By this writ of error, the defendants seek to reverse a judgment entered against them in the superior court of Cook county for $3,759.16.

We are this day handing down an opinion affirming the order of the superior court of Cook county in denying defendants' motion made under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89] to vacate and set aside the same judgment where the facts are more fully set forth. It is sufficient in this case to state that plaintiff brought an action of assumpsit against the defendants, filing their declaration and summons, returnable to the January term, 1922; that one of the defendants was served on the 21st day of December, 1921, and the summons returned not found as to the other defendant. December 31, 1921, the appearance of both defendants was entered. The defendant who was not served with summons, but whose appearance was entered on December 31, was not required to plead until the February term, which began on the first Monday of February, 1922. Sec. 3, ch. 110, Cahill's Statutes. No pleas were filed by either defendant and nothing further was done as disclosed by the record until April 12, 1922, when both defendants had been in default for want of a plea for the February, March and April terms of the superior court. On that date, an order was entered on motion of plaintiff which recited service of summons on the defendants for at least 10 days before the first day of the term "and they being now three times solemnly called in open court came not" but made default and an order of default was there entered against both defendants. On the following day, April 13, a jury was impaneled to assess plaintiff's damages. And after hearing evidence, they returned a verdict assessing plaintiff's damages at $3,759.16, upon which judgment was entered.

Defendants contend that it was error for the court

to enter the default of defendants and to have a jury assess the damages without notice to them, and in support of this cite the cases of *Kalkaska Mfg. Co. v. Thomas,* 17 Ill. App. 235; *Chicago & Milwaukee Electric Ry. Co. v. Krempel,* 116 Ill. App. 253; *American Mail Order Co. v. Marsh,* 118 Ill. App. 248.

In the *Thomas* case, the summons was issued returnable to the May term of the superior court. It was served April 23rd on the defendants, which was not ten days before the May term. May 6th, the defendant entered its appearance. On June 6th, the defendant was defaulted for want of appearance. Two days afterwards, June 8th, defendant's counsel, not knowing of the default, filed a special demurrer to the declaration. On June 23rd, the cause was on the trial calendar, but before it was reached, counsel for plaintiff, without notice to defendant made a motion to strike the demurrer from the files and to have the damages assessed by the jury. The motion was allowed, damages assessed and judgment rendered on the verdict. At the same term the defendant moved to set aside the default and judgment and for leave to plead supported by affidavits. Counter affidavits were filed and upon a hearing defendant's motion was denied. An appeal was taken from the order and from the judgment. This court held that it was error to hear counter affidavits; that the affidavits of the defendant showed a good excuse for not filing the plea. The court then said that they had no means of ascertaining what the rule of the superior court was with reference to requiring notice of the assessment of damages, and then said that if no time were fixed and no notice given to the defendant that there would be an assessment of damages, then it would seem but just and reasonable, considering the number of courts in the city and their press of business, that the plaintiff should have been required to give notice to the defendant's attorney of the motion for the inquest of damages. In that case, the court held, the motion hav-

ing been made within the term at which the judgment was rendered, that the defendant showed a meritorious reason for opening up the judgment and for that reason the action of the court in denying defendant's motion to open the judgment was reversed. And the court then stated that it would seem reasonable under the practice in Chicago to require notice of assessment of damages in case of default. This statement was not a decision of that point. No statute or rule of court is pointed out that requires a notice in such case.

In the *Krempel* case, an appeal was taken from an order which denied the defendant's motion to set aside judgment and default. The motion was made during the term at which the judgment was rendered. The order was reversed on account of an erroneous instruction given. Defendant did not enter its appearance until he moved to set aside the default and judgment and after stating that the judgment should be reversed and that there should be a new assessment of damages under proper instructions, the court said that since the defendant had then entered its appearance, it was entitled to notice when the inquest of damages was held, citing as an authority the *Thomas* case.

In the *Marsh* case, the defendant entered its appearance but did not file any pleading. At the next term of court, the defendant was defaulted for nonappearance and damages were assessed. At the same term of court, a motion to vacate the default and judgment was made by the defendant. Motion was denied and an appeal taken from the order of the judgment. Rule 11 of the superior court which is set forth in the opinion, provided that no motion would be heard or order made in any cause without notice to the opposite party when an appearance of such party had been entered, except where a party is in default, or when a cause is reached on the call of the calendar. The court held there was no conflict between the rule and common law. The court said (p. 249) :

"A defendant who has appeared in answer to a summons is not in default until the expiration of a rule upon him to plead. After appearance, he is entitled to a notice of every step in the case until a default has been regularly entered against him. Appellant, having entered its appearance, was therefore entitled to notice of the execution of the writ of inquiry as to the amount of damages."

In none of the cases cited is there any statute pointed out that requires notice to be given where a person has been defaulted for failure to file his pleading. Nor is any rule of court referred to that requires such notice. The statute requires the defendants, who are served with process or who enter their appearance, where a declaration is filed ten days before the term of court, to file their pleading at the beginning of that term of court. They are presumed to know the law and unless there is a rule of court requiring such notice, there is no error in taking a default where the defendants have failed to plead. This was the holding of the Supreme Court of this state in the case of *Cramer v. Illinois Commercial Men's Assn.*, 260 Ill. 516. There the plaintiff filed his declaration and affidavit, showing the nature of his demand and the amount due after allowing to the defendants all just credits, deductions and set-offs, within the time allowed by law. The defendants filed the general issue and sixteen special pleas, but failed to file an affidavit of a good defense to the merits of plaintiff's case. Afterwards and without notice to the defendant, the pleas were stricken and damages assessed. After the passage of the term at which the judgment was entered, a motion was made under section 89, to vacate the default and judgment. The court held that there was nothing in the rules of the court, nor in the statute or in the law that requires notice to the defendants where they were in default.

In the instant case, plaintiff's appearance having been entered December 31, 1921, and the declaration

having been filed on the 19th of December, 1921, the defendants were required, at the latest, to file their pleading at the beginning of the February term. Not having done so, they were in default. And they continued in default through the succeeding March and April terms.

The fact that the default recited that it was entered for want of appearance is a mere irregularity. *Plaff v. Pacific Express Co.,* 251 Ill. 243.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J. concur.