Joseph Straus et al., Defendants in Error, v. Peter F. Biesen and J. A. Barclay, trading as Biesen & Barclay Cement Construction Company, Plaintiffs in Error.

### Gen. No. 30,864.

1. APPEAL AND ERROR—*entry of default for want of appearance where default was in fact for want of plea as ground for reversal of judgment.* Entry of an order defaulting defendants for want of

appearance, when the entry should have been one of default for want of a plea, is not such an irregularity as will require reversal of the judgment based thereon, especially where the error is subsequently corrected by a *nunc pro tunc* order and a supplemental record filed showing the correction.

2. DEFAULTS—*filing plea too late without leave to file nunc pro tunc as precluding coincident entry of default for want of plea.* In the absence of an order permitting the filing of pleas *nunc pro tunc,* the court is not precluded from entering a default for want of a plea by reason of the fact that a plea was in fact filed on the day the default was entered.

3. DEFAULTS—*right of defendant in default for want of plea to receive notice of and to participate in proceedings for assessment of damages.* Defendants, who have been defaulted for want of a plea, are nevertheless entitled to notice of an inquest of damages, notwithstanding a rule of court dispensing with notice where a party is in default, especially where the damages recoverable are not liquidated, and on such hearing are entitled to introduce testimony touching the matter of damages, ask for instructions upon that question, and preserve their rights for review on that branch of the case by a bill of exceptions.

Error by defendants to the Superior Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed November 29, 1926.

STEPHEN A. CROSS, for plaintiffs in error.

WILLIAM FRIEDMAN, for defendants in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By writ of error the defendants bring in review the record in an action in trespass, in which judgment was against defendants by default and damages assessed by a jury at $750.

The summons was served on defendants to the September, 1925, term of the superior court and their general appearance was filed in apt time. Plaintiffs' declaration was filed to the term commencing October 5, 1925. It alleged that defendants with force and arms broke and entered the close of plaintiffs to the

damage of plaintiffs in the sum of $2,000. Under the statute defendants' pleas should have been filed October 5, but they were not filed until October 15. On this latter day plaintiffs, without notice to the defendants or their attorneys, moved for a default and an order was entered that they be defaulted for failure to appear, and reference was had to a jury to assess the damages.

The judgment for want of an appearance was irregular. It should have been for want of a plea, but such irregularity is not necessarily reversible error. *Plaff v. Pacific Exp. Co.*, 251 Ill. 243. Subsequently by *nunc pro tunc* order this mistake of the clerk was corrected, and a supplemental record has been filed in this court showing that the default was entered for failure to plead.

The fact that pleas were filed after they were due, and upon the day when the default order was entered, is not important. Defendants should have moved for leave to file such pleas, and until such order was entered the mere filing of them would not avail.

On the same day that default was entered a jury was called and assessed damages against defendants in the sum of $750. Neither defendants nor their attorneys were advised of this by notice or otherwise, and it was not until the following November 4 that they first were informed of the entry of the default and the assessment of damages. They thereupon promptly on November 7 moved the court to set aside the default and judgment and asked leave to have the plea of defendants filed October 15 to stand as a plea to the declaration. This motion was denied.

The trial judge has certified Rule 20 of the superior court, which is:

"No motions will be heard or orders made in any cause without notice to the opposite party, when an appearance of such party has been entered, except

where a party is in default or when a cause is reached on the call of the trial calendar.''

It is not disputed that rules of court, when entered of record, become the law of procedure in matters to which they relate when not inconsistent with statutes and are binding on the courts. *Feldett v. Featherstone,* 290 Ill. 485. Plaintiffs contend that the rule requires notice only when a party is not in default and that defendants being in default for failure to plead were not entitled to notice, citing *Precision Products Co. v. Cady,* 233 Ill. App. 72. Undoubtedly this case so holds, contrary to *Kalkaska Mfg. Co. v. Thomas,* 17 Ill. App. 235; *Chicago & M. Elec. Ry. Co. v. Krempel,* 116 Ill. App. 253; *American Mail Order Co. v. Marsh,* 118 Ill. App. 248, which cases the opinion undertakes to distinguish. The *Cady* case seems to rest on the holding of the Supreme Court in *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, where it was held that, unless there is a rule of court requiring such notice, there is no error in taking a default where the defendants have failed to plead.

We are inclined to agree with the decision in the *Cady* case in so far as it holds that the default order should not be set aside. But there is another point which is not discussed in that or in the *Cramer* case. It is the established practice that the defendants' rights are not wholly foreclosed by the default. While such a default admits every material allegation of the declaration, it does not admit the amount of damages and upon the execution of the writ of inquiry before the court, while the defendant cannot introduce evidence tending to dispute the allegations of the declaration or to show that the plaintiff has no cause of action, which are admitted by the default, still he has the right to appear and cross-examine plaintiff's witnesses and introduce witnesses on his part upon the question of damages, ask for instructions on that question and preserve his right for review on that

branch of the case by a bill of exceptions. *Cook v. Skelton,* 20 Ill. 107; *Chicago & R. I. R. Co. v. Ward,* 16 Ill. 522; *Cairo & St. L. R. Co. v. Holbrook,* 72 Ill. 419; *Plaff v. Pacific Express Co.,* 251 Ill. 243.

The defendants were not in complete default. Their default admitted the cause of action, but not the amount of damages. Consequently, under the rule, they were entitled to notice of the assessment of damages so that they might participate in the proceedings. In view of the number of suits in this county and the volume of business, this is a reasonable application of the rule. *Williams v. Morton,* 135 Ill. App. 112, and *Ostrobramy v. Barczaitis,* 139 Ill. App. 94, are directly in point.

In the *Cramer* case, *supra,* the damages were liquidated; in the instant case they are unliquidated. We are in accord with the language of Mr. Justice McAllister concerning similar circumstances in *Kalkaska Mfg. Co. v. Thomas,* 17 Ill. App. 235:

"The damages in the case at bar were unliquidated. If no time was fixed by the court for their assessment, and notice thereof given to defendant's attorney, then it would seem but just and reasonable, considering the number of courts in the city, and their press of business, that the plaintiff should have been required to give notice to the defendant's attorney of the motion for the inquest of damages, because the defendant had the undoubted right to contest the matter of damages at such inquest."

We therefore hold that while the trial court properly refused to set aside the default, it was error to assess damages without notice to defendants. For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.