Shirley Heinsius, a Minor by Her Next Friend, Martin Heinsius, Appellant, v. August H. Poehlmann, Appellee.

Gen. No. 37,958.

Opinion filed November 20, 1935.   Rehearing denied December 4, 1935.

MYER H. GLADSTONE, of Chicago, for appellant.

MORT D. & FRANK GOLDBERG, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the superior court vacating and setting aside a judgment for $10,000 entered by said court against the defendant on the verdict of a jury. There was also a finding that said injury was maliciously caused. This judgment was thereafter set aside upon motion in the nature of a writ of error *coram nobis* filed by the defendant.

It appears from the abstract that on December 22, 1932, defendant was sued in the superior court for injuries to plaintiff caused by the automobile of the defendant; that at that time defendant was insured by the Public Indemnity Company against all losses or damages he might sustain by reason of the operation of said automobile; that upon being served with the summons in said suit, he took the same to his said insurance company and they informed him that he need pay no further attention to said suit as they were protecting him; that on March 7, 1933, thereafter the insurance company caused a firm of attorneys to enter the appearance of the defendant and their appearance as his attorneys and filed a plea of not guilty on behalf of the said defendant to the said declaration; that thereafter upon notice to the attorney for plaintiff by said attorneys for the defendant that they would appear before his honor, Judge Marcus Kavanagh and ask for leave to withdraw their appearance as attorneys for defendant. On November 17, 1933, an order was entered giving said attorneys for the defendant leave to withdraw their appearance as attorneys for defendant. No notice was given to the defendant by his said lawyers of the withdrawal of their appearance. Thereafter on April 27, 1934, a jury was called and a verdict returned finding the defendant guilty and assessing the plaintiff's damages at the sum of $10,000. On the same day an order was entered as follows:

"This cause being called for trial *ex parte* comes the plaintiff to this suit by her attorney and issues being joined it is ordered that a jury come, etc. . . . and a true verdict render according to the evidence. . . .

"Whereupon the said jury return their special finding upon the question as submitted to them by the

Court. QUESTION: 'Was the defendant August H. Poehlmann, at the time and place in question, guilty of wilful, wanton and malicious conduct in operation of the automobile in question? ANSWER: Yes.'

"It is therefore ordered that judgment be and the same is hereby rendered upon the verdict of the jury in favor of the plaintiff and against the defendant.

"It is therefore ordered that the plaintiff Shirley Heinsius a minor by her next friend Martin Heinsius do have and recover of and from the defendant August H. Poehlmann her said damages of Ten Thousand Dollars in form as aforesaid by the jury assessed together with her costs and charges in this behalf expended and have execution therefor.

"Judge Marcus Kavanagh.

"April 27th, A. D. 1934."

It further appears that the defendant first learned of said judgment on September 17, 1934, when he was served with a *capias ad satisfaciendum;* that he then appeared by other counsel and filed a petition and made a motion asking relief in the nature of a writ of error *coram nobis* to vacate the said verdict and judgment. He states in said petition that he learned that the case was proven as a default matter and he had no knowledge of the same; that he has a good and meritorious defense and that he was not guilty of wilful and wanton negligence, and that the accident occurred only through the negligence of the driver of the automobile in which plaintiff was a passenger; that the said plaintiff Shirley Heinsius did not suffer any personal injuries whatsoever. He further states that a judgment against him in the sum of $10,000 is exorbitant and excessive. He prays that the judgment, verdict and special interrogatory propounded may be vacated and set aside and that he have leave to appear and defend and that said cause be set down for trial.

Thereupon plaintiff moved to dismiss the petition of defendant for several reasons. Thereafter, on October 9, 1934, on the said petition and motion to dismiss which came before Judge Kavanagh, it was ordered that the verdict and judgment heretofore rendered herein be vacated and set aside. Plaintiff prays that an order may be entered reversing the said order of October 9, 1934.

We have not been aided with briefs on the part of the defendant in our consideration of this cause.

The common law writ of error *coram nobis* has been abolished in this State and in lieu thereof par. 200, chapter 110, Ill. State Bar Stats. 1935, has been adopted. The deduction to be made from the statute and the cases applicable is that the purpose of the writ of error *coram nobis,* or the motion under our statutes is not to review the errors of the trial judge, but to grant relief where there is some fact in the record which, if known to the court at the time, would have prevented the entry of the judgment.

Rule 14 of the superior court provides:

"Rule 14. Withdrawal of Attorneys or Solicitors, Sec. 1. No attorney or solicitor shall be permitted to withdraw his appearance for any party unless the Court shall be satisfied, by affidavit or otherwise, that such party has had reasonable notice of the application for leave to do so.

"Sec. 2. Unless another attorney or solicitor is at the time of such withdrawal substituted for the one withdrawing, the party shall file in the case forthwith a supplementary appearance stating therein an address within the county at which service of notices or other papers may be had upon him. In case of his failure to file such supplementary appearance, notice, if by mail, may be directed to him at his last known business or residence address."

No notice of any kind was given to the defendant by his lawyers that they intended to withdraw their appearance; and in withdrawing the appearance of the lawyers, the fact remained that the appearance of the defendant still remained in court; and that no notice was given to him that the cause was to be placed on the trial calendar or called for trial. It could not be called *ex parte,* without notice to said defendant whose appearance was on file.

In the case of *Sommer & Maca Glass Machinery Corp. v. Johnson,* 278 Ill. App. 620 (not reported in full), Mr. Justice Hall speaking for this court said:

"There is nothing in the record to indicate that the cause was reached on a trial call on June 9th, 1933, or that defendant had any reason to believe that the cause was to be heard on that day. Even though the court might have been justified in striking defendants' affidavit of merits, the record shows that a plea of defendants to the declaration still remained on file and our conclusion is that under the rule just quoted the court was not justified in hearing the case *ex parte* at that time and in entering judgment for the plaintiff. There is nothing in the record to indicate that defendant had notice that when the motion to strike the affidavit of merits was heard on June 9th, 1933, the court would do more than to pass upon that motion." This decision was affirmed by the Supreme Court by the refusal of a writ of certiorari. As in the above case, we are of the opinion that the absence of notice was a question of fact which was not brought to the attention of the court, and did not involve a question of law.

In *Risedorf v. Fyfe,* 250 Ill. App. 122, this court said:

"In *Straus v. Biesen,* 242 Ill. App. 370, the court held that it was error to assess damages without notice to defendant whose appearance was on file, and for that reason reversed the judgment.

"Proceedings under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, required the court to pass on the question as to whether there was an error in fact in the record before it. We will presume that if the court had known that the defendant had his appearance upon file, and that no notice had been given him of the application for default and judgment, the court would not have proceeded to assess the damages in the case. The absence of notice was a question of fact which was not brought to the attention of the court, and did not involve a question of law. The question of law must be based upon the fact, and the law was that without notice to the defendant, whose appearance was on file, there could be no valid judgment. That no notice was given, and that defendant's appearance was on file, were matters of fact which were unknown to the court."

It is contended by plaintiff that it is the duty of a defendant to personally watch his case and be ready when it is called for trial, citing *Hahn v. Gates*, 169 Ill. 299. That case is clearly distinguishable from the instant case in that there is no showing that this case was on a regular trial call when it was heard.

Plaintiff's second contention is that the motion in the nature of a writ of error *coram nobis* is not to relieve a party from the consequences of his own negligence, citing *McCord v. Briggs & Turvias*, 338 Ill. 158. We cannot find that the defendant is chargeable in this cause as above stated. We do not think that the cases cited by counsel apply to the facts in this case.

The other point made by plaintiff's counsel is that a writ of error *coram nobis* is used to obtain relief from errors of fact, citing *Chapman v. North American Life Ins. Co.*, 292 Ill. 179; and other cases. We agree with counsel, but as stated in *Straus v. Biesen*, 242 Ill. App. 370, and as heretofore stated, the absence of notice was a question of fact which was not called

to the attention of the court and did not involve a question of law. The other contention raised under counsel's third point is that a writ of error *coram nobis* cannot be used to question the extent of injuries or the amount of a judgment. That may be true, but such result is only incidental and not the basis of the decision of this court.

We are of the opinion that the order of the superior court setting aside said verdict and judgment should be and it hereby is affirmed.

*Order affirmed.*

HALL, P. J., and HEBEL, J., concur.