### Joseph T. Ryerson & Son, Appellee, v. Crawford Locomotive & Car Company, Appellant.

#### Gen. No. 5,934.    (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1914. Affirmed with damages. Opinion filed July 31, 1914.

### Statement of the Case.

Action by Joseph T. Ryerson & Son against Crawford Locomotive & Car Company in assumpsit, in which the declaration contained the common counts only with an affidavit of the amount due and a copy of the account sued on. A default was entered against defendant and proofs were heard and the damages assessed in the amount named in the affidavit filed with the declaration, and there was a judgment against defendant therefor. To reverse the judgment, defendant appeals.

The grounds relied on for reversal are: That the court erred in denying defendants motion for a continuance, on the ground that no copy of the account sued on was filed with the declaration; that it was error to default defendant without first entering a rule on him to plead; that it was error to allow default without notice to defendant of the time and place of hearing the motion; that it was error to assess dam-

ages without notice to defendant of the time and place of such assessment; that it was error to render judgment against defendant without first striking its motion for a continuance from the files; and that it was error to enter judgment where it does not appear that any evidence was heard.

Robert E. Larkin, for appellant.

Boys, Osborn & Griggs, for appellee; Eric Winters, of counsel.

Mr. Justice Whitney delivered the opinion of the court.

## Abstract of the Decision.

1. Continuance, § 3*—*when failure to file sufficient copy of account sued on not ground.* A defendant is not entitled to a continuance on the ground that there was no copy of the account sued on filed with the declaration, where there was in fact a sufficient copy of the account filed with the declaration to satisfy the statute.

2. Pleading, § 148*—*remedy when copy of account sued on not specific.* Where a defendant is not satisfied with a copy of the account sued on, it is incumbent upon him to move for a bill of particulars or a more specific account.

3. Appeal and error, § 1258*—*when appellant cannot complain of amount of recovery.* The fact two copies of the account sued on are contradictory in amount cannot be complained of on appeal, where the judgment was entered for the lesser amount.

4. Appeal and error, § 980*—*necessity of rules of court appearing in record.* Where rules of court governing the subject of pleading are not shown in the record, the Appellate Court will assume there are none.

5. Notice, § 62*—*when party bound to take notice of subsequent action of court.* In the absence of a rule of court to the contrary, one who is in court by service of process or appearance is bound to take notice of all subsequent action on the part of the court.

6. Judgment, § 99*—*when defendant not entitled to notice of motion for default.* A defendant is not entitled to notice of the hearing of a motion for default, where the rules of court do not provide for such notice.

7. CONTINUANCE, § 60*—*necessity of striking motion from files after ruling thereon.* Where a motion for a continuance has been denied by the court, it is unnecessary to strike the motion from the files, and it is not proper to do so.

8. APPEAL AND ERROR, § 1568*—*when error of clerk in entering up default harmless.* Error of the clerk in entering up a default judgment, by writing it up as a judgment for want of an "appearance" instead of for want of a "plea," *held* not reversible error.

9. JUDGMENT, § 126*—*remedy when entry of default irregular.* Where the entering of a default judgment was irregular, *held* it was the duty of the defendant, on appearing in court the next day and during the same term of court, to have moved to set aside the judgment instead of taking an appeal.

10. COSTS, § 67*—*damages for prosecuting appeal for delay.* Four hundred dollars allowed as damages for prosecuting an appeal for delay.