Keen v. Leipold, 211 Ill. App. 163.

# D. E. Keen, Defendant in Error, v. Melchoir Leipold et al. George S. Clarke, Plaintiff in Error.

1. Judgment, § 124*—*what is nature and effect of default.* A default admits only that the facts alleged in the declaration are true, and not that they constitute a cause of action, and if in law they do not constitute a cause of action, no judgment should be rendered by default on the declaration.

2. Bills and notes, § 346*—*when declaration is sufficient to show demand of payment and notice of nonpayment.* A declaration in an action on a promissory note alleging the indorsement by one defendant as payee to plaintiff, the holder, that the defendants, in consideration of their alleged liability to pay the note, promised the plaintiff to pay him the amount thereof according to the tenor and effect of the note, that although requested to do so the defendants have not paid the sums of money specified or any part thereof but refuse to pay the same, is sufficient to show demand of payment and notice of nonpayment, in the absence of a demurrer, especially where a defendant is defaulted after personal service.

3. Appeal and error, § 1303*—*when evidence presumed sufficient to support judgment.* Where no evidence is preserved by the record, it must be presumed that the evidence was sufficient to support the finding and judgment of the trial court.

4. Judgment, § 170*—*when sufficient in form.* No particular form is required in the proceedings of a court to render their order a judgment. It is sufficient if it be final and the party may be injured.

5. Judgment, § 170*—*when judgment in action on note is proper in form.* In an action of assumpsit on a promissory note, a judgment reciting that plaintiff appears by his attorneys and defendants by their attorneys, that written entry of appearance of one defendant has been filed and personal service made on another, that such two defendants were three times called and solemnly defaulted "whereupon the court hears the evidence offered, and being fully advised in the premises" finds the amount due to be a certain sum, whereupon judgment is entered in favor of plaintiff against such two defendants for said sum and costs and execution awarded "and *sci. fa.* awarded" as to the remaining defendant "to issue returnable on the first day of the next term of this court, continued as to *sci. fa*," *held* to be sufficient in form.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 16, 1918.

E. B. GREEN and THEODORE G. RISLEY, for plaintiff in error George S. Clarke.

S. J. GEE and FRANK FORNOFF, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Wabash county to the November term, A. D. 1915, in which defendant in error, D. E. Keen, was plaintiff, and plaintiff in error, George S. Clarke, Melchoir Leipold and Elbert Epler, were defendants.

The declaration was as follows: "D. E. Keen, by Frank Farnoff his attorney, complains of Melchoir Leipold, George S. Clarke and Elbert Epler, of a plea of trespass on the case on promises.

"For that whereas the said Melchoir Leipold, on, to wit, the twenty-eighth day of February, in the year of our Lord one thousand nine hundred thirteen, in the county aforesaid, made his promissory note and delivered the same to the said George S. Clarke, and then and there promised to pay the said George S. Clarke, or order, on the twenty-eighth day of February, in the year of nineteen hundred fifteen, the sum of two thousand five hundred ($2,500.00) dollars, for value received, with interest thereon at the rate of six (6) per cent. per annum.

"And thereupon the said defendant, George S. Clarke, on the day first aforesaid, indorsed and delivered the said note to the plaintiff.

"And thereafter, on, to wit, the seventeenth day of May, in the year of nineteen hundred thirteen, by virtue of a contract by and between the defendant Mel-

choir Leipold and the defendant Elbert Epler, and in consideration of certain property therein mentioned, paid by the said Melchoir Leipold, the said Elbert Epler assumed and agreed to pay the said note.

"By means whereof the said defendants then and there, to wit, at the time last aforesaid, became liable to pay to the plaintiff the amount of the said note, according to the tenor and effect thereof.

"And, being so liable, the defendants, in consideration thereof, then and there promised the plaintiff to pay him the said amount, according to the tenor and effect of the said note.

"Yet, although the day of payment in the said note specified has elapsed, the defendants have not paid to the plaintiff the amount of said note, or any part thereof, but refuse so to do.

"Nor have the defendants, though requested, paid to the plaintiff the several other sums of money above specified, or either of them, or any part thereof, but refuse to pay him the same.

"To the damage of the plaintiff of three thousand five hundred dollars, and therefore he brings his suit, etc."

A copy of a warranty deed conveying certain lands from Melchoir Leipold to Elbert Epler was filed with the declaration. The following copy of a promissory note was also filed with the declaration: "This note is secured by real estate mortgage on 511 acres of land in Cotton Grove Tp., Saline Co., Ill. No. ——— Mt. Carmel, Ill., Feby. 28th, 1913. $2500.00.

"Twenty-four months after date, for value received, we or either of us, promise to pay to the order of Geo. S. Clarke, the sum of twenty-five hundred 00/100 Dollars. Payable at American National Bank, Mt. Carmel, Ill.

"Above mentioned sum and six per cent. from date, and ten per cent. of the face of this note as attorney fee, and to release all errors, waive all proceedings

in the nature of a stay of execution, appeal or peti-
tion in error.

"The endorsers, signers and guarantors severally
waive presentment for payment, protest, or notice of
protest, and notice of non-payment, of this note, and
diligence in bringing suit against any party to this
note, and sureties agree that time of payment may be
extended without notice or other consent.

"Interest payable annually at 6% from date.

"Privilege is hereby reserved to pay on this note
$100 or any multiple thereof, prior to its maturity
on any interest maturing date. In case such pay-
ments are made the interest on the amounts paid shall
cease.

                        ................ [SEAL]
                 MELCHOIR LEIPOLD  [SEAL]
                        ................ [SEAL]"

Indorsed on the back of the note is the following:

"Geo. S. Clarke, March, 1914, Recd. $100.00 int. on
within note, D. E. Keen."

There was personal service on George S. Clarke,
and the written appearance of Melchoir Leipold was
entered, but no service was had on Elbert Epler. At
said term the following judgment was rendered:
"And now on this day comes the plaintiff, by Fornoff
& Willhite, and the defendants, by Allen Walker and
H. P. French, their attorneys, and now, on this day,
written entry of appearance of the defendant, Leipold,
filed, personal service is shown on the defendant, Geo.
S. Clarke; defendants, Leipold and Clarke are three
times solemnly called and defaulted; whereupon the
court hears the evidence offered, and being fully ad-
vised in the premises, finds amount due for principal
and interest to be $2,758.75, whereupon the court en-
ters judgment on finding in favor of D. E. Keen, plain-
tiff, and against said defendants, Melchoir Leipold
and George S. Clarke, for said sum of $2,758.75 and
costs, and execution awarded and *sci. fa.* awarded as
to defendant, Elbert Epler, to issue returnable on

first day of the next term of this court, continued as to *sci. fa.*"

George S. Clarke, one of the defendants below, brings the case into this court by writ of error. Two questions are raised by the assignment of error and argument in this case, viz.: Was the declaration sufficient to support the judgment and was the judgment in proper form? The contention of plaintiff in error is true, as a rule of law, that a default admits only that the facts alleged in the declaration are true, and not that they constitute a cause of action, and if in law they do not constitute a cause of action, no judgment should be rendered on the declaration by default. It is also contended by plaintiff in error that in order to charge the indorser of a promissory note it is necessary to prove demand of the maker and notice of nonpayment and dishonor, and that the declaration in this case is insufficient to support the judgment against plaintiff in error, who was an indorser, for the reason that these facts were not alleged. The declaration alleged the indorsement by the defendant George S. Clarke, who was the payee thereof to the plaintiff, D. E. Keen, that the defendants to the suit, in consideration of their alleged liability to pay the note, promised the plaintiff to pay him the amount thereof according to the tenor and effect of said note; that although requested to do so, the said defendants have not paid the sums of money specified or either of them or any part thereof, but refuse to pay the same to the plaintiff. Plaintiff in error was defaulted after personal service, and it would seem that under such conditions and in the absence of a demurrer the allegations of the declaration were sufficient to show demand of the defendants for payment of the note and notice to them all of the nonpayment thereof.

The judgment shows jurisdiction of the parties, evidence heard, finding in favor of defendant in error and judgment against plaintiff in error and another

for amount found due. No evidence was preserved by the record, so it must be presumed the evidence was sufficient to support the finding and judgment. *Miller v. Glass,* 118 Ill. 443. In the early case of *Wells v. Hogan,* 1 Ill. 337, Justice Lockwood laid down the rule that: "No particular form is required in the proceedings of a court to render their order a judgment. It is sufficient if it be final and the party may be injured." That rule has since been followed and often reiterated by the Supreme and Appellate Courts of this State. In the case of *Coats v. Barrett,* 49 Ill. App. 275, a judgment in the following form was held sufficient: "The court being fully advised in the matter finds the issues for the plaintiff and proceeds to render judgment in favor of the said plaintiff and against the said defendant for the sum of two hundred and forty seven dollars and seventy cents, and the costs of this suit, and execution is awarded for the same." While the judgment in this case may not be in the most approved form it clearly shows the plaintiff who recovers, the defendants against whom recovery is had, the amount of money recovered and awards execution. This is sufficient to show a valid judgment and under the circumstances disclosed by the record, it should be and accordingly is affirmed.

*Judgment affirmed.*