Duncan G. Dewar, Defendant in Error, v. George M. Loy, Plaintiff in Error.

Gen. No. 7,682.

Opinion filed September 24, 1927. Rehearing denied May 1, 1928.

LEE O'NEIL BROWNE and WOODWARD, HIBBS & POOL, for plaintiff in error.

ARTHUR H. SHAY, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.

On October 27, 1923, defendant in error, Duncan G. Dewar, brought a suit in assumpsit in the circuit court of LaSalle county against plaintiff in error, George M. Loy, for an alleged breach of warranty as to the quality of certain automobile tires and tubes sold by Loy to Dewar. The declaration contained a special count and the common counts. Attached to the declaration was an affidavit of plaintiff's claim setting forth that Dewar purchased automobile tires and tubes of Loy to the amount of $1,700 under a representation that they were good, sound and merchantable; that all of them, except a portion thereof valued at $300, were defective, unsound and unmerchantable and of no value, and in consequence thereof were wholly lost to Dewar; that plaintiff's claim was for $1,400, the purchase price of such defective, unsound and unmerchantable tires and tubes, and that such sum was due and owing to him from Loy. Summons was duly served and on October 31, 1923, Loy's written appearance was entered by his attorney. No plea or affidavit of merits was filed. On June 7, 1924, plaintiff in error was defaulted and judgment entered against him for $1,400.

The first ground urged for a reversal is that the judgment is based solely on plaintiff's affidavit of claim; that the suit is for the recovery of unliquidated damages, and hence the assessment of damages could only be made upon a hearing of evidence. The judgment recites "The court now here, after hearing all the allegations and proofs submitted herein by the

plaintiff and being now fully advised in the premises, assesses the plaintiff's damages on affidavit of amount due to the sum of $1,400." While it appears from the recital that the damages were assessed "on affidavit," it also appears that proofs were submitted and heard. This recital imports verity. The proofs submitted to the court are not preserved in any bill of exceptions, therefore it is presumed that the necessary proofs were introduced in the court below to sustain the findings of the judgment. It always devolves upon a party alleging error to make it appear. (*Miller v. Glass,* 118 Ill. 443; *Boyles v. Chytraus,* 175 Ill. 370.)

Yet if it be conceded that the recital shows conclusively that the court in assessing the damages did not consider any proofs outside the affidavit, its right to make the assessment is undoubted, unless the damages were uncertain and the amount necessarily rested in the discretion of a court or jury. Such uncertain damages are generally called "unliquidated damages" and the term is defined as damages which are not ascertained, that is, in which some element of uncertainty as to the amount exists which must be settled before a proper determination can be reached. (*Kuntz v. Tonnele,* 80 N. J. Eq. 373; 17 C. J. 716.) Contracts of warranty imply an agreement to indemnify or make payment of money to the vendee in the event of a breach of warranty. Actions for breaches of warranty and covenant have always been classed as actions *ex contractu,* and when the damages are certain and definite, judgment can be rendered upon an affidavit of plaintiff's claim under section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55. Here the suit is in assumpsit. The declaration and the affidavit of claim disclose an indebtedness of a fixed and certain amount. The default of the defendant admits that the defective tires were of no value and wholly lost to the plaintiff. Nothing was left to the discretion of the court in determining the amount of the damages. Under such circum-

stances, courts would be out of harmony with the spirit of legislative enactment if they held that an assessment of damages could not be made on an affidavit alone. The record on this branch of the case does not warrant a reversal, because, first, the damages were not uncertain and could be assessed on the affidavit alone under section 55 of the Practice Act, and second, if they were uncertain the recital in the judgment that proofs were heard is sufficient to sustain the judgment in the absence of a bill of particulars.

The position taken by appellant that an action of assumpsit will not lie to recover damages for a breach of warranty in the sale of goods is no longer tenable in this State. Where one is damaged by a breach of warranty, he has the choice of two remedies. He may bring an action on the case, based upon the alleged wrongful act of the defendant in committing the breach, or he may bring an action in assumpsit based upon the contractual relation existing and the defendant's failure to fulfill his express or implied promise of warranty. (1 Chitty on Pleading, 16th Am. Ed., 198; *Nevin v. Pullman Palace Car Co.,* 106 Ill. 222; *Wallace v. Tanner,* 118 Ill. App. 639; *Greenwood v. John R. Thompson Co.,* 213 Ill. App. 371.) The remedy by assumpsit was adopted to enable the pleader to be in a position to recover under the money counts. (*Schuchardt v. Allen,* 1 Wall. [U. S.] 359; *Vanleer v. Earle,* 26 Pa. St. 277.)

It is next claimed that the court erred in assessing the damages without notice to plaintiff in error or his counsel. The judgment recites that personal service was had upon the defendant and that he was called in open court and defaulted for want of a plea. The statute does not require notice to be given where a person has been defaulted for failure to plead and if any rule of court required it, the rule can only be shown here by a bill of exceptions.

'The cases cited by plaintiff in error, in support of his contention, originated in the superior court of Cook county, where under a rule in force no motion will be heard or 'order made in any cause without notice to the opposite party when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the calendar. *Straus v. Biesen,* 242 Ill. App. 370, holds that under such rule, a defendant who was defaulted for failure to plead was nevertheless entitled to notice of the assessment of unliquidated damages, and that in view of the large number of suits and the volume of business in Cook county, it was a reasonable application of the rule. It will be observed that the court's holding is based upon the existence of a rule which applies only to cases involving the assessment of unliquidated damages. But regardless of that fact, it is obvious that where no rule exists or where it is not shown by a bill of exceptions, if it does exist, there is no error in assessing damages without notice to the defendant or his counsel. (*Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516; *Precision Products Co. v. Cady,* 233 Ill. App. 72.)

There is nothing in the record in this case to show that there was any rule of the circuit court of LaSalle county requiring notice to be given to the defendant or his counsel of a default or of the assessment of damages. This court held in *Joseph T. Ryerson & Son v. Crawford Locomotive & Car Co.,* 187 Ill. App. 640, that where rules of court governing the subject of notices are not shown in the record, the Appellate Court will assume there are none. Courts of appeal will not take judicial notice of rules of trial courts. The rules of such courts can only be taken cognizance of on appeal where they are included in the bill of exceptions or appended thereto and properly certified. (*Hooper v. Rooney,* 293 Ill. 370.)

While it is true that at the inquest on the assessment of damages, a defendant who has been defaulted has the right to appear and cross-examine plaintiff's witnesses, introduce evidence on his part upon the question of damages, ask for instructions on that question and preserve his right for review on that branch of the case by a bill of exceptions, yet, if he would exercise such right he must, in the absence of a rule of court to the contrary, take notice of such proceeding and avail himself of such right (*Joseph T. Ryerson & Son v. Crawford Locomotive & Car Co., supra; Domestic Building Ass'n v. Nelson,* 172 Ill. 386), and no such rule is shown.

Under the record the judgment of the trial court must be affirmed.

*Judgment affirmed.*