596

Peter E. Whalen, Appellee, v. Twin City Barge and Gravel Company, Appellant.

Gen. No. 8,893.

Heard in this court at the January term, 1935. Opinion filed April 12, 1935. Rehearing denied July 8, 1935.

HODGES & TRAGETHON, of Springfield, for appellant.

GREEN & VERLIE, of Alton, for appellee; KARL KING HOAGLAND and JOHN F. SCHLAFLY, JR., of counsel.

Mr. Justice Davis delivered the opinion of the court.

On May 25, 1934, the plaintiff, Peter E. Whalen, filed a complaint at law in the circuit court of Scott county against the Twin City Barge and Gravel Company, a corporation, to recover damages for personal injuries alleged to have been sustained by him through the negligence of said defendant.

On said day a summons was issued by the clerk of said court requiring said defendant to appear on the third Monday of June, 1934, or in the event said defendant was served less than 20 days prior to said date it was required to appear, on the first Monday of July, 1934, and file its answer, or otherwise make its appearance, and which summons was placed in the hands of H. C. Montgomery, sheriff of said county, to serve; upon the back of which summons appears the return of said sheriff, dated May 25, 1934, certifying that he could not find any officer or agent of said defendant corporation, the Twin City Barge and Gravel Company, in said Scott county.

On said same day there was also issued by the clerk of said court in said cause a summons, returnable at the same time and place, and given to J. W. Jacobs, sheriff of Adams county, for service; and upon the back of which summons appears a return by said sheriff showing service upon C. T. Welsh, as president of the Twin City Barge and Gravel Company, a corporation, on June 8, 1934.

The complaint contains four counts, and by paragraph 1 of each count alleges, by reason of the Act of Congress of June 5, 1920, U. S. C. Title 46, sec. 688, the circuit court of Scott county had jurisdiction of the cause of action although it arose out of a transaction on navigable waters of the United States. In succeeding paragraphs it was alleged that the plaintiff was in the employ of the defendant and was working

under the direction of the defendant on the waters of Illinois river, a navigable river, in the vicinity of Naples, Scott county, Illinois; that the defendant owned a dredge boat which was anchored on the waters of the Illinois river near Naples, and that the defendant by its officers and agents ordered the plaintiff to slacken a certain steel anchor line, attached to a certain capstan, which is a part of said dredge. Each count of said complaint then sets forth certain acts of negligence and alleges that as the direct and proximate result of said acts of negligence the plaintiff was injured.

On July 6, 1934, the defendant was called and defaulted and the cause was called for trial, and the court found the issues for the plaintiff and assessed his damages at $10,000, and judgment was rendered in favor of the plaintiff and against the defendant for said sum of $10,000 and costs of suit.

On July 20, 1934, and being at the first session of said court after the entry of said judgment, the defendant filed and presented its motion in said cause to set aside and vacate said judgment and for leave to plead, and filed affidavits in support thereof. On July 24, 1934, said motion was heard by the court and taken under advisement and on August 24, 1934, was overruled and denied.

On September 7, 1934, the defendant filed an additional motion and affidavit in support thereof setting forth meritorious defenses which it was alleged it could establish upon a trial upon the merits of said cause, and praying that the court vacate said judgment entered during the same term of court and that the order denying a vacation of said judgment be vacated and that the defendant be granted leave to plead to the merits, which motion was denied by the court.

On September 27, 1934, appellant filed its notice of

supersedeas by order of the circuit court. Said notice specified that an appeal was taken from the order of default, finding and judgment entered in said cause on July 6, 1934; from the orders denying the motions to vacate and set aside said judgment and for leave to plead, entered August 24, 1934, and September 7, 1934. Defendant prayed that the order of default, finding and judgment assessing damages be vacated and set aside, and that the orders of date on August 24, 1934, and September 7, 1934, denying motions to vacate said judgment, be set aside.

The errors relied upon for a reversal of the judgment and orders denying motions to vacate are set forth by appellant in its brief, not all of which are supported by citation of authorities or argument by appellant.

We will first consider the error assigned to the action of the court in overruling the motion of appellant filed on September 7, 1934, in which further meritorious defenses were set forth. The judgment by default was entered on July 6, 1934, and appellant contends that the motion having been made at the same term of court at which judgment was entered the court had jurisdiction to entertain said motion.

No rule of practice was better settled than that a court retained jurisdiction of the parties and subject matter of the suit until the end of the term of court, and a judgment did not become final or pass beyond its control until that time; such is not the law, since, under the provisions of the Civil Practice Act, terms of court are no longer the basis for fixing the time for doing any act or the taking of any procedural step. By an act of the General Assembly, approved June 21, 1933, in force January 1, 1934, Cahill's Rev. St. 1933, ch. 110, ¶¶ 268, 269 (Smith-Hurd Rev. St. 1933, ch. 77, secs. 82, 83), it is provided that all judgments of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive

adjudication upon the expiration of 30 days from date of its rendition, as under the law heretofore in force it has had upon the expiration of the term of court at which it was rendered, and such judgment may be modified, set aside or vacated prior to the expiration of 30 days from the date of its rendition, wherever under the law heretofore in force it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was rendered.

More than 30 days having elapsed from the time of the rendition of the judgment and the filing of the additional motion on September 7, 1934, the court was without jurisdiction to entertain the same and for that reason committed no error in denying said motion.

It is insisted by appellant that the court erred in overruling defendant's first motion to vacate the judgment and for leave to plead.

Section 50, par. 7, of the Civil Practice Act, Cahill's St. 1933, ch. 110, ¶ 178, being almost in the exact language of section 58 of the Practice Act of 1907, we can be guided by the decisions of our courts in construing that section.

Motions to set aside a default and for leave to plead are addressed to the sound discretion of the court, and courts of review will not interfere except in cases of abuse of such discretion, and the party seeking to have a default set aside must show that he acted with due diligence to protect his rights and that he has a meritorious defense. A default will not be set aside if he or his attorney has been guilty of negligence. *Farmer v. Fowler*, 288 Ill. 494; *Nitsche v. City of Chicago*, 280 Ill. 268; *Eggleston v. Royal Trust Co.*, 205 Ill. 170; *Cooper v. Handelsman*, 247 Ill. App. 454; *Plaff v. Pacific Express Co.*, 251 Ill. 243.

In support of its motion to set aside said default and to show to the court that it acted with due diligence under the circumstances, although it failed to enter its

appearance in said cause in writing by filing a pleading or motion stating an address where service of notice might be made upon it, or its attorneys, as required by sec. 20 of the Civil Practice Act, it filed affidavits of its attorneys and of an attorney of the Maryland Casualty Company, its compensation carrier.

From the affidavits it appears that the firm of Hodges and Tragethon were attorneys for the defendant, who with the Maryland Casualty Company were respondents in a proceeding before the industrial commission commenced by plaintiff to recover compensation growing out of the same state of facts upon which this suit is based; after this suit was filed on May 25, 1934, one of said attorneys went to the office of the circuit clerk and secured a copy of the complaint, and being informed that no appearance cards were in use in said court he wrote the name and address of his firm and the date, June 14, 1934, on the inside cover of said file; on June 19, 1934, he was informed that a continuance was desired by Greene & Verlie, attorneys for petitioner, of the hearing of said industrial case which was set for July 12, 1934, and also received a copy of a letter written by said casualty company in which Greene & Verlie were informed that the firm of Hodges & Tragethon had been employed to represent respondents, and that all further communications in the case should be addressed to them; that several conferences were held between the plaintiff, his representatives and friends and representatives of respondents relative to the adjustment of said claim and cause of action and the method to be employed and the question as to whether the action would be brought before the commission or by a common law remedy; it was alleged that respondents and their counsel were led to believe and in good faith did believe that said claim would be prosecuted solely before the industrial com-

mission; that the attorneys for plaintiff knew that said firm represented respondents, but that no notice of any kind was given the defendants of any proposed hearing or of any application for a default; that on July 7, 1934, they learned of said default and also learned that court would be in session on July 24 for the first time after said default was taken; that their failure to answer on return day was based upon the belief that in view of the circumstances alleged that such procedure would prove useless; that the defendant has a complete and meritorious defense to the claims of plaintiff.

It appears from a counter-affidavit of one of the attorneys for plaintiff that he personally handled the claim of the plaintiff before the industrial commission and also that on May 25, 1934, he filed the complaint in the circuit court of Scott county against the defendant and that he had no knowledge that the firm of Hodges & Tragethon represented said defendant in this suit at law, and that prior to July 6, 1934, the clerk of the circuit court of Scott county or any one else never informed him that said firm represented the defendant, and that he had no knowledge or notice who the defendant's attorneys were in said lawsuit.

It appears that the sole reason defendant did not enter its appearance on the return day, as required by Rule 8 of the Supreme Court, was the belief of its attorneys that it would be unnecessary because they believed from the circumstances that the claim of plaintiff would be litigated solely before the industrial commission. Although attorneys for plaintiff knew who represented respondents in the case before the industrial commission, yet there is no evidence that they were informed that said attorneys represented defendant in the case at law. It does not appear, from any action or statement made on the part of plaintiff or his attorneys, that the attorneys for defendant were

given to understand that no action would be taken in this suit, and the belief of attorneys for defendant that no action would be taken and that the claim of plaintiff would be prosecuted solely before the industrial commission was a mere conclusion of said attorneys for defendant, arrived at from the fact that conferences had taken place between the plaintiff and his representatives and representatives of respondents relative to the adjustment of said claim and cause of action and as to whether the matter should be disposed of before the commission or by common law action.

A copy of the complaint filed in this suit was procured by defendant's attorneys on June 14, 1934, and they were also informed that no appearance cards were in use in said court, and were charged with the knowledge that when service of summons is had and no appearance entered a plaintiff is entitled to a judgment by default. We are of opinion that the trial court did not abuse its discretion in refusing to find on the facts presented that the defaulted defendant and its attorneys were free from negligence in suffering such default. There is nothing in the record upon this issue which in any way would indicate the trial court abused its discretion in denying the motion to vacate said judgment and default.

From the record it appears that no fraud, action of attorneys for plaintiff, or mistake or circumstances over which the defendant and his attorneys had no control prevented the defendant from entering its appearance.

In support of the contention of the defendant that it has a meritorious cause of defense, one of its attorneys after an examination of the complaint and a preliminary investigation of said case alleged in an affidavit that the defendant has a complete and meritorious defense to each and every one of the alleged claims of plaintiff. The mere statement that a defend-

ant has a meritorious defense is not sufficient. The grounds and facts upon which the merits of the defense arise must be stated so that the court will be enabled to judge of the merits of such defense. *Rich v. Hathaway*, 18 Ill. 548; *Nitsche v. City of Chicago, supra; Eggleston v. Royal Trust Co., supra.*

Appellant also insists that the cause of action in said complaint being based upon U. S. C., Title 46, sec. 688, and having arisen out of an alleged trespass on navigable waters of the United States, this court does not have jurisdiction herein as the jurisdiction under this section as amended is now exclusive in the federal court. This section of the statute provides, in substance, that any seaman who shall suffer personal injury in the course of his employment may at his election maintain an action for damages at law, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply. The jurisdiction in such actions shall be under the courts of the district in which the defendant's employer resides or in which his principal office is located.

In the case of *Bainbridge v. Merchants & Miners Transp. Co.*, 287 U. S. 278, 77 L. Ed. 302, a case instituted in the State court in Philadelphia county, Pennsylvania, for injuries of an employee against the employer, the ship owner, the trial court dismissed the suit for want of jurisdiction, which judgment was affirmed by the Supreme Court of Pennsylvania.

The United States Supreme Court, after quoting the provision of said section relating to the jurisdiction of the federal courts, said: ''The question presented for our determination is whether the quoted provision in respect of jurisdiction applies to the state courts, or is limited to the federal courts. The decisions are conflicting, but we think that the correct construction of

the provision limits it to the courts of the United States. . . . If the question were more doubtful than we think it is, we should be slow to impute to Congress an intention, if it has the power, to interfere with the statutory provisions of the various states fixing the venue of their own courts. It follows that the venue should have been determined by the trial court in accordance with the law of the state." See also *Engel v. Davenport*, 271 U. S. 33, 70 L. Ed. 813; *Panama R. Co. v. Vasquez*, 271 U. S. 557, 70 L. Ed. 1085.

It is also contended by the defendant that the process and service of the same is void as the action was not brought, summons issued and served in accordance with the statute.

It is provided by section 8, par. 1, of the Civil Practice Act, Cahill's St. ch. 110, ¶ 178, that civil actions against a corporation may be commenced in the county in which the transaction, or some part thereof, occurred out of which the cause of action arose. The record in this case shows that it was alleged and proved that the entire transaction took place in the county of Scott.

Section 17 of the act provides that service may be had upon an incorporated company by leaving a copy of process with any officer or agent of said company found in the county; and in case the officer attempting to make service shall make a return that he cannot in his county find any such officer or agent of said company, then such company may be served in any other county of this State in the manner provided in section 10 of the act.

It appears that on May 25, 1934, a summons was issued and placed in the hands of the sheriff of Scott county, and that on said same date said sheriff made return on said summons that he could not find any officer or agent of said defendant in his county, and on said same day a summons was issued and placed in

the hands of the sheriff of Adams county, upon which a return was made by said sheriff of service of said summons upon C. T. Welsh, president of said defendant corporation, on June 8, 1934, and more than 20 days prior to the first Monday of July, 1934, the return day of said summons. This is in keeping with the terms of said section 17 of the act.

It is also insisted that, at the time of the entry of the default judgment, the original process in this cause was not in the files in said cause and that the court erred in allowing plaintiff to file the same on July 24, 1934, the day the motion to vacate judgment was presented to the court. So far as we are able to find from the record there is no evidence that said summons was not in the files in said cause.

The record does show that it was offered in evidence on July 8, 1934, the day the judgment by default was entered, with the return of the sheriff of Scott county thereon, and also that the summons and the return of the sheriff of Adams county was offered in evidence showing service in due time, which was sufficient to authorize such default.

It is next contended that the complaint is defective because it does not allege that the industrial commission of Illinois does not have jurisdiction of the cause. Section 6 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 206, among other things, provides: That in any action now pending, or hereafter begun, to enforce any common law or statutory right to recover damages for negligently causing injury or death of any employee, it shall not be necessary to allege in the declaration that either the employee or the employer, or both, were not governed by the provisions of this act, or of any similar act in force in this or any other State.

It is next urged that the plaintiff, prior to the commencement of this suit, made claim with the industrial appeal with the clerk of said court, which was made a

commission of Illinois and requested a continuance of said cause prior to the return day of this cause. This objection is not commented upon by appellant in its argument.

It is stated in one of the affidavits, in support of its motion, that this suit is predicated upon the same facts upon which the claim was based that was filed with the industrial commission prior to the institution of this suit. The filing of the claim with the industrial commission was not a bar to the institution of this suit.

In *Jackson v. Industrial Board,* 280 Ill. 526, Mary Hoskins, administratrix of the estate of Nathaniel Ramey, deceased, recovered an award. The deceased was employed by the Chicago & Eastern Illinois R. R. Co., of which company William J. Jackson, plaintiff in error, was receiver. Ramey was one of a gang of painters employed in painting buildings, bridges and anything required to be painted along the railroad, and on October 2, 1913, he was killed by a train; and the administratrix, on November 1, 1913, served notice with a statement of claim under the Workmen's Compensation Act on the receiver.

On March 28, 1914, the administratrix began a suit under the Federal Employers' Liability Act for damages for causing the death of the decedent in the circuit court of Vermilion county. The plaintiff in error demurred to the declaration, which demurrer was sustained by the court on the ground that the declaration showed that the deceased was not engaged in interstate commerce at the time that he was killed. The administratrix having elected to stand by her declaration, judgment was entered in bar of her suit. Shortly after this a hearing was had before the industrial board and an award was made.

It was argued with much emphasis that the administratrix was estopped from asserting her claim before the industrial board because she elected her remedy

under the Federal Employers' Liability Act. The court said: The election of remedies has no application whatever to this suit. The doctrine of the election of remedies is applicable only where a party has elected between inconsistent remedies for the same injury or cause of action. Familiar instances of this doctrine are when a party waives a tort and sues in assumpsit, or when he elects to sue in replevin for property unlawfully taken in preference to bringing a suit for money damages for the unlawful taking, etc. The doctrine does not apply to concurrent remedies that are not inconsistent with each other and has no application to an election between suits based upon different statutes. When one has a right of action at common law and also under the statute for the same injury, the bringing of either of said suits is not a bar to the other, and particularly when no recovery has been had under one or the other. A suit under a State law and a judgment therein against the plaintiff are no bar to a suit for the same injury under the Federal Employers' Liability Act when it appears that there could be no recovery under the State law for the injury.

It is also insisted that the complaint fails to state a cause of action upon which a judgment could be predicated. This question is presented by the record, because the default only admitted the facts stated in the complaint to be true, but did not admit that the facts, in law, entitled the plaintiff to recover, and if the facts alleged did not give the right to recovery it was error to enter judgment against it by default. *Chicago & Milwaukee Elec. Ry. Co. v. Krempel,* 116 Ill. App. 253; *Buck v. Citizens Coal Mining Co.,* 254 Ill. 198; *Keen v. Leipold,* 211 Ill. App. 163.

While the Civil Practice Act does away with those matters distinguishing the forms of action, and while it provides that all pleadings shall contain a concise

statement of the pleader's cause of action, those substantial averments of fact heretofore necessary to state a cause of action are in no way affected by any provision of the act.

A default judgment will be reversed when the complaint states no cause of action, but a defective statement of a good cause of action is cured by the verdict. That the complaint would have been obnoxious to a motion in the nature of a demurrer, if any had been interposed, would not necessarily justify a reversal of a judgment rendered by default. *Buck v. Citizens Coal Mining Co.,* 254 Ill. 198.

We are of opinion that the complaint contains substantial averments of facts sufficient to sustain the judgment. The allegations sufficiently show that the circuit court had jurisdiction of the cause of action under the Jones Act (Injuries to Seamen); the existence of a duty on the part of the defendant to protect the plaintiff from the injury complained of; a failure to perform that duty, and an injury to plaintiff resulting from such failure; and also acts of negligence on the part of defendant and the exercise of due care by the plaintiff.

Giving its language its ordinary meaning and significance, there is no reasonable basis for saying it did not state any cause of action, or that appellant was not advised by its allegations of the nature and grounds of the demand against it.

It is also contended that the Workmen's Compensation Act applies to this case and provides a remedy to the exclusion of all others. This is but a restatement of the contention that the complaint did not state a cause of action, and the answer to that contention would also answer this one.

It is true it has been held that although the record discloses facts sufficient to show a maritime tort to which general admiralty jurisdiction would extend,

save for the provision of the State Compensation Act, if the matter be of a mere local concern and its regulation by the State would work no material prejudice to any characteristic feature of the general admiralty law, the State Compensation Act would prescribe the only remedy.

From the material and traversable allegations of the complaint we are of opinion that the cause of action of the plaintiff does not involve matters of such mere local concern as to give the industrial commission sole jurisdiction of said cause. The defendant was the owner and possessor of a dredge boat and it was afloat on navigable waters of the United States and the plaintiff was in its employ and suffered personal injury in the course of his employment. He was a seaman within the meaning of the act, and was in the act of slackening the anchor cable which held said boat and was injured while thus engaged. Such allegations bring the case within the exclusive operation of the federal act. *Great Lakes Dredge & Dock Co. v. Kierejewski*, 261 U. S. 479, 67 L. Ed. 756.

Appellant also contends that it was entitled to notice of the hearing on the question of the assessment of damages in order that it might be present and cross-examine the witnesses as to the question of damages. There is no provision of the Civil Practice Act requiring notice to one who permits a judgment to be entered against him by default of the time of the hearing on the question of the assessment of damages.

As was said in the case of *Dewar v. Loy,* 248 Ill. App. 396, by the Appellate Court of the Second District: ''While it is true that at the inquest on the assessment of damages, a defendant who has been defaulted has the right to appear and cross-examine plaintiff's witnesses, introduce evidence on his part upon the question of damages, ask for instructions· on that question and preserve his right for review on that

branch of the case by a bill of exceptions, yet, if he would exercise such right, he must, in the absence of a rule of court to the contrary, take notice of such proceedings and avail himself of such right." *Joseph T. Ryerson & Son v. Crawford Locomotive & Car Co.,* 187 Ill. App. 640; *Domestic Bldg. Ass'n v. Nelson,* 172 Ill. 386; *Precision Products Co. v. Cady,* 233 Ill. App. 72.

There was no rule of the trial court requiring notice to a defendant or his counsel of the time fixed for a hearing upon the question of damages.

Under the provisions of an act of the legislature, entitled "Judicial Notice," Cahill's Rev. St. 1933, ch. 51, ¶ 58, any court of appellate jurisdiction upon a review of any judgment of an inferior court shall take judicial notice of all matters of which the inferior court was required to take judicial notice, including all rules of practice adopted by said inferior court; and although the record is silent as to any such rule this court takes judicial notice of the fact that there was no such rule.

Appellant, in its argument in support of its contention that the judgment of the trial court should be reversed, states that there is no proof showing or substantiating the allegations of the complaint in attempting to bring this case under the Seaman's Act, and there is no basis for the amount of the verdict returned in this matter.

In cases tried without a jury the Appellate Court is authorized to consider the question whether the facts as they appear in the record, and the law authorizes the finding and judgment of the trial court though no propositions of law were submitted to and held or refused by that court. *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,* 300 Ill. 162; *City of Benton v. Whaley,* 230 Ill. App. 309.

In cases of default, for want of appearance or for failure to plead, the allegations of the complaint are admitted although the court may require the plaintiff

to prove the allegations of his complaint. The court entered no order requiring plaintiff to prove the allegations of his complaint.

The plaintiff was sworn and testified as a witness and the examination was directed solely to the question of the amount of damages.

We are of opinion, after a consideration of the evidence, in view of the age of the plaintiff and his former earning ability, the serious injuries received by him rendering him incapable of pursuing his former occupation and the loss of two of his fingers on his left hand and the loss of the use of his left arm to a large extent, that there was a basis in the evidence upon which the court could fix damages sustained by the plaintiff, and no error was committed by the trial court in assessing damages at the sum of $10,000.

The defendant by its default having admitted the allegations of the complaint, and the court not having required the plaintiff to offer proof in support of such allegations, the contention of the defendant that there is no proof showing or substantiating the allegations of the complaint in attempting to bring this case under the Seaman's Act is without merit. For the reasons stated it is ordered that the order of the circuit court of Scott county, denying the motion of defendant to vacate said judgment, and the judgment entered in said cause, be affirmed.

*Affirmed.*