Standard International Corporation, Appellee, v. Alert Steel Company, Appellant.

Gen. No. 46,761.

First District, First Division.
May 7, 1956.
Released for publication June 12, 1956.

Abrams & Linn, of Chicago, for defendant-appellant; Hyman Abrams, David Linn, and Fred D. Jasmer, all of Chicago, of counsel.

Rappaport, Clorfene & Rappaport, of Chicago, for appellee; Ode L. Rankin, and Hamilton Clorfene, both of Chicago, of counsel.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Plaintiff (seller) brought suit to recover a balance allegedly owed by defendant (buyer) for goods sold and delivered. The defense interposed was accord and satisfaction. The trial court was of the opinion that there was no bona fide dispute existing between the parties and therefore no accord and satisfaction. Accordingly, judgment was entered against defendant in the sum of $1252.80. Motion for new trial was overruled, and defendant appeals from the judgment entered.

Both parties deal in steel and steel products. Plaintiff's offices are located in New York City, defendant's in the City of Chicago. On June 21, 1951 defendant sent its purchase order to plaintiff for 100 tons of galvanized steel sheets which plaintiff had received from overseas and which was then lying in dock in New York harbor. The steel sheets were of two different gauges, priced at $14.50 per 100 pounds. June 26, 1951 defendant received a written acceptance or confirmation of the order. This acceptance by plaintiff stated that the weights shown were approximate and subject to further determination. Delivery was to be made and was made f. o. b. in two New York Central gondola cars for crane unloading, consigned to defendant at New York. Defendant was purchasing the

176

steel for resale and shipment elsewhere. Plaintiff notified defendant that it had turned this shipment over to the New York Central Railroad in New York subject to the order of the defendant, as per a direction in defendant's order. Defendant thereupon directed the railroad to ship the goods to Massey-Harris Company in Batavia, New York, with whom defendant had meanwhile contracted for their resale. The goods were not shipped to defendant directly; defendant never saw the goods or actually had them in its possession. The New York Central weighed the steel and reported the weights to the parties as 72,460 and 132,920 pounds, respectively, for the two cars, or a total of 205,380 pounds. Plaintiff relied upon these weights and billed defendant for $29,780.10; defendant likewise relied upon the railroad weights and billed its customer, Massey-Harris Company, accordingly.

Subsequently defendant received debit memoranda from its customer in Batavia, which had an official weight scale. These memoranda asked for a credit for an alleged shortage in the net weight of the material. Defendant subsequently allowed the credit to its customer. The difference is represented by the item of $1252.80 which is the subject of this dispute.

Plaintiff contends that in order to avoid weighing the steel twice, once for sale and again for freight charges, "the parties followed custom and for the purpose of their contract the weights to be found by the railroad when it should have loaded the steel and weighed it over their scales for computations of freight charges were to be used as the weights of the steel sold to defendant and on which the sum due was to be computed." However, as heretofore stated, the acceptance by plaintiff of the order for steel stated that the weights shown were approximate and subject to further determination.

By reason of the discrepancy in weights, there ensued an extensive discussion by mail, telegraph and tele-

phone between the parties. Plaintiff maintained that defendant should pay the full amount of the invoice which it had rendered to defendant. On the other hand, defendant contended that it should receive a credit for the purported shortage in weight, in accordance with the request set forth in its debit memoranda. To substantiate its claim and at the express request of plaintiff, defendant mailed copies of its correspondence with the Massey-Harris Company to plaintiff. On August 14, 1951 plaintiff wrote a letter to defendant offering to settle their differences by making an allowance of 500 pounds per car, and requested a check for the balance. The parties did not settle their dispute on this basis, but further discussions and negotiations took place in September 1951 concerning defendant's request for credit totaling $1252.80. Plaintiff never allowed this request and wrote and telegraphed defendant demanding full payment.

On September 13, 1951 defendant issued its check in the amount of $16,400 which reflected the deduction of its claim for shortage in the sum of $1252.80; it had made previous payments to plaintiff on this contract. The check of September 13, 1951 was payable to the order of plaintiff and bore the written notation "In full settlement of account to date 9/13/51." Plaintiff deposited this check to its account in a New York bank and retained the proceeds thereof. It made no protest to defendant at the time it received this payment. The check was not returned to defendant, and there is no evidence of any further negotiations or discussions between the parties following the acceptance of this check. However, on September 25, 1952, more than a year subsequent to plaintiff's cashing of this check, it brought suit in the Municipal Court of Chicago, claiming recovery for the alleged balance due on this contract. The amount sought was the same amount defendant had deducted for its credit—$1252.80—and for which the judgment appealed from was entered.

■ There is substantially no dispute between the parties as to the legal principles governing accord and satisfaction. Where a balance claimed due by a creditor is fairly in dispute, the controversy renders the claim unliquidated. Nassoiy v. Tomlinson et al., 148 N. Y. 326, 42 N. E. 715; Bingham v. Browning, 197 Ill. 122; Dewar v. Loy, 248 Ill. App. 396; In re Silver, 109 F. Supp. 200. Where a claim is unliquidated or disputed, the acceptance and use of a remittance tender "in full" of the claim amounts to an accord and satisfaction of the entire obligation; see the Nassoiy and Bingham cases cited above; and also In re Estate of Cunningham, 311 Ill. 311; Economy Fuse & Manufacturing Co. v. Standard Elec. Mfg. Co., 359 Ill. 504; Krumrine v. Wilbur E. Howett Co., 311 Ill. App. 243; Quinlan & Tyson, Inc. v. National Casualty Co., 311 Ill. App. 369.

Plaintiff emphasized the fact that no evidence was presented at the trial proving the alleged shortage in weight of the goods concerned, i. e., no direct evidence that Massey-Harris had weighed the shipment and found it short. However, the defense in this case was not weight shortage but accord and satisfaction based upon an existing bona fide dispute between the parties. The significance of this difference is that plaintiff seeks to change the type of proof required of defendant from accord and satisfaction to proof of short weight which was not the controversial issue.

■ On the question of good faith, the letter from Massey-Harris to defendant unequivocally indicates an absence of any fraud or dishonesty on the part of defendant in making its claim for credit; and this memorandum was never offered in evidence for any other purpose. From an examination of the record we are satisfied that this was a disputed claim between the parties, and that defendant acted in good faith throughout the discussions had. The following uncontradicted evidence justifies this conclusion: The fact that defendant was notified by its customer of an

179

alleged shortage in weight; that defendant thereupon notified plaintiff thereof and asked for a credit on the account; that defendant also sent copies of its correspondence with Massey-Harris to plaintiff, at plaintiff's specific request, to substantiate the claim; that plaintiff did not allow the claim as presented, but that afterwards, in a letter, plaintiff offered to allow a portion of that claim, which offer was not accepted by defendant; that defendant tendered its check "in full settlement of account to date 9/13/51" during the time when this dispute was in existence; and that plaintiff cashed the check while admittedly aware of the fact that defendant was controverting the balance claimed by plaintiff. There is nothing in these circumstances suggesting dishonesty or lack of faith on the part of defendant; and it establishes a "dispute" under the holdings of cases dealing with the subject of accord and satisfaction.

For the reasons indicated, we are of the opinion that the court erred in entering judgment in favor of plaintiff. The judgment of the Municipal Court is therefore reversed.

Judgment reversed.

BURKE and NIEMEYER, JJ., concur.